John Allan EPPERSON, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 45743.

Missouri Court of Appeals,
Western District.

Sept. 29, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Nov. 24, 1992.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

William G. Mays, II, Columbia, for respondent.

Before LOWENSTEIN, C.J., and BERREY and ULRICH, JJ.

PER CURIAM:

The Director of Revenue appeals the reinstatement of John Allan Epperson's operator's license by the trial court. The judgment is reversed and the case is remanded for entry of an order sustaining the revocation.

Officer Stanley Holt of the Fulton Police Department was on duty when he received a radio dispatch naming Epperson as a possible intoxicated driver. An anonymous complainant had called to report that Epperson had been drinking, and that he was driving a pickup truck to a liquor store on the corner of Second and Court Streets. The caller described the pickup truck in detail, including the license number.

Officer Holt spotted the pickup parked at the liquor store at the address given by the complainant. No one occupied the pickup at that time, but as Officer Holt watched, he observed Epperson exit the store, enter his vehicle and drive off. Officer Holt

followed Epperson some distance before motioning him to pull over.

Officer Holt testified that Epperson's balance was "very unsteady" as he exited the pickup truck. Officer Holt noticed that Epperson "grabbed the side of the truck with his left hand as soon as he got out of the door." Epperson reportedly had difficulty producing his driver's license, his eyes were bloodshot and watery, and he smelled of alcohol. Officer Holt asked Epperson if he had been drinking and Epperson answered that he had drunk two beers.

As a field sobriety test, Officer Holt requested Epperson to recite the alphabet. Epperson responded by asking whether Officer Holt wanted him to recite the "standard" or the "phonetic" alphabet. When Epperson subsequently tried to recite the alphabet, he skipped "quite a few" letters. Officer Holt then asked Epperson to count to 10, but Epperson protested that he couldn't understand why Officer Holt would want him to do so. Epperson then refused to perform any further field sobriety tests.

Officer Holt placed Epperson under arrest for driving while intoxicated and transported him to the police station. There Officer Holt advised him of the Missouri Implied Consent Law and asked him to submit to a breath test. Epperson refused and, therefore, his driving privileges were revoked pursuant to § 577.041, RSMo Supp.1990. Epperson then filed a petition for review in the Circuit Court of Callaway County.

After the hearing, at which only Officer Holt testified, the trial court found that Officer Holt "did not have probable cause to believe" that Epperson was driving while intoxicated, and the trial court ordered the Director of Revenue to set aside the suspension and reinstate Epperson's license. The Director then filed this appeal.

As his sole point on appeal, the Director claims that there was no evidence in the record to support the trial court's finding that Officer Holt lacked reasonable grounds to believe that Epperson was driving while intoxicated. Consequently, the Director argues, the trial court erred in reinstating Epperson's driving privileges.

■ When reviewing the revocation of a driver's license for a refusal to submit to a chemical test, the trial court shall determine only the following: (1) whether or not the person was arrested; (2) whether or not the arresting officer had reasonable grounds to believe that the person was driving while intoxicated; and (3) whether or not the person refused to submit to the test. Section 577.041.2, RSMo Supp.1990; *Green v. Director of Revenue*, 745 S.W.2d 818, 820 (Mo.App.1988). If the trial court determines that one or more of these criteria has not been met, it is to order the reinstatement of driving privileges. Section 577.041.3, RSMo Supp.1990.[1]

■ On appeal, the decision of the trial court will be affirmed unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or misapplies the law. *Kimber v. Director of Revenue*, 817 S.W.2d 627, 629–30 (Mo.App.1991); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court cannot set aside a judgment in a court-tried case unless the record generates a firm belief that the judgment is wrong. *Leo's Enter., Inc. v. Hollrah*, 805 S.W.2d 739, 741 (Mo.App.1991).

However, these precepts do not permit this court to affirm the judgment of the trial court by merely disregarding all the uncontradicted evidence supporting the Director's position that Officer Holt had reasonable grounds to believe that Epperson was driving while intoxicated. Officer Holt testified that Epperson had difficulty keeping his balance when he exited his truck; that Epperson had quite a bit of trouble producing his driver's license; that Epper-

---

1. Both parties on appeal agree that § 577.041 does not require the trial court to determine whether the arresting officer had probable cause to make the initial stop, but instead to determine whether the arresting officer had rea- sonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition. Consequently, we do not address the issue of the anonymous informant.

son had watery, bloodshot eyes and an odor of alcohol on his breath; that Epperson admitted that he had been drinking; and that Epperson failed to satisfactorily perform one field sobriety test and refused to perform any others.

Because Officer Holt's testimony was uncontradicted, Epperson argues that the trial court must have concluded that the arresting officer's testimony lacked credibility, and that we must defer to this assessment of credibility. However, while a reviewing court will defer to the findings of the trial court where the credibility of a witness is involved, a reviewing court need not do so where the disputed question is not a matter of direct contradictions by different witnesses. *West v. Witschner*, 428 S.W.2d 538, 542 (Mo.1968); *Cushman v. Mutton Hollow Land Dev., Inc.*, 782 S.W.2d 150, 152 (Mo.App.1990). Deference to the trial court's findings is not required where the evidence is not controverted and the case is virtually one of admitted facts or where the evidence is not in conflict. *Hedrick v. Director of Revenue*, No. 45,-436 (W.D.App. August 4, 1992). Such is the case with the sparse record in the case at bar.

Consequently, we conclude that there was no evidence to support the trial court's finding that Officer Holt lacked reasonable grounds to believe that Epperson was driving while intoxicated, and that the finding was contrary to the weight of the evidence adduced at trial. Accordingly, we reverse the judgment and remand the cause to the trial court for the entry of an order sustaining the revocation of Epperson's driver's license.