Charles David **GELSHEIMER**,
Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. WD 46033.

Missouri Court of Appeals,
Western District.

Jan. 12, 1993.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Daniel R. Carter, Warrensburg, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

PER CURIAM.

The Director of Revenue appeals from an order of the trial court which reinstated Charles David Gelsheimer's driving privileges. The Director contends that the arresting officer had reasonable grounds to believe that Gelsheimer was driving while intoxicated, and therefore Gelsheimer's driver's license should be revoked for his refusal to submit to a blood alcohol test.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for the entry of a judgment reinstating the revocation of Gelsheimer's driving privileges.

During the early morning hours of September 29, 1991, Trooper Joe Hendricks of

the Missouri State Highway Patrol was operating a sobriety checkpoint in Johnson County, Missouri. Trooper Hendricks, who was stopping all traffic which passed through the checkpoint, halted Gelsheimer's vehicle and asked for his driver's license, registration, and proof of insurance. As Gelsheimer complied with the request, Trooper Hendricks detected a strong odor of alcohol coming from inside the vehicle.

Trooper Hendricks asked Gelsheimer to step out of the car, and then noticed that Gelsheimer swayed a little bit as he walked. As Trooper Hendricks and Gelsheimer stood near the vehicle and conversed, Trooper Hendricks noticed that Gelsheimer's eyes were bloodshot and glassy, and that he had some difficulty maintaining his balance. Trooper Hendricks asked Gelsheimer if he had been drinking, and Gelsheimer replied that he "may" have been drinking at the Kansas City Royals baseball game earlier that evening. However, Gelsheimer was unresponsive when asked how much he had been drinking.

Trooper Hendricks then asked Gelsheimer to perform a series of field sobriety tests. Gelsheimer had difficulty maintaining his balance when asked to stand on one leg, and he missed his nose on two out of three attempts when asked to touch his nose with his eyes closed. Trooper Hendricks also asked Gelsheimer to take nine steps towards him, turn, and take nine steps away, walking heel-to-toe. Again, Gelsheimer had difficulty maintaining his balance, and he failed to stop on the ninth step. Gelsheimer also skipped several letters when asked to recite the alphabet.

Trooper Hendricks then arrested Gelsheimer for driving while intoxicated and transported him to the Johnson County jail to take a blood alcohol test. Gelsheimer refused to submit to the test, and his driving privileges were revoked pursuant to section 577.041, RSMo Supp.1992. Gelsheimer appealed the revocation to the Circuit Court of Johnson County, which reinstated his driving privileges.

■ When reviewing the revocation of a driver's license for a refusal to submit to a chemical test, the trial court shall determine only the following: (1) whether or not the person was arrested; (2) whether or not the arresting officer had reasonable grounds to believe that the person was driving while intoxicated; and (3) whether or not the person refused to submit to the test. Section 577.041.2, RSMo Supp.1992; *Green v. Director of Revenue*, 745 S.W.2d 818, 820 (Mo.App.1988). If the trial court determines that one or more of these criteria has not been met, it is to order the reinstatement of driving privileges. Section 577.041.3, RSMo Supp.1992.

At the end of the trial in the case at bar, Gelsheimer argued that the second of these three criteria had not been met because Trooper Hendricks did not have reasonable grounds to believe that Gelsheimer had been driving while intoxicated. Essentially, Gelsheimer claimed that an arresting officer cannot reasonably conclude that a driver was operating a motor vehicle while intoxicated based solely on the driver's appearance and behavior after the initial stop, without observing any illegal or unusual operation of the motor vehicle before the stop. The trial court, apparently, agreed.

■ This argument is a misreading of the statutory criteria. Section 577.041 does not require the arresting officer to have reasonable grounds before he makes the initial stop. It is sufficient if, after the stop, the arresting officer observes sufficient indicia of intoxication to reasonably believe the driver was driving a motor vehicle while intoxicated. In *Epperson v. Director of Revenue*, 841 S.W.2d 252 (Mo. App.1992), another case involving section 577.041, this court found that a driver's post-stop behavior constituted sufficient grounds for an arresting officer to believe that the driver was operating a motor vehicle while intoxicated. *Id.* at 254. In *Epperson*, the arresting officer testified that the driver had bloodshot eyes and smelled of alcohol, that the driver had difficulty maintaining his balance when he exited his truck, and that the driver failed to satisfactorily perform one field sobriety test and refused to perform any others. *Id.* at 254. And, as in the case at bar, the officer did not observe any illegal or erratic operation of the motor vehicle.

The facts in *Epperson* are persuasively similar to those we now have before us. Here, the arresting officer noticed that the interior of Gelsheimer's vehicle smelled of alcohol, that Gelsheimer's eyes were bloodshot and glassy, that Gelsheimer had trouble maintaining his balance, and that Gelsheimer failed to perform satisfactorily on three separate field sobriety tests. Thus, pursuant to *Epperson* and a proper interpretation of section 577.041, the evidence compels a finding that Trooper Hendricks had reasonable grounds to believe that Gelsheimer had been driving while intoxicated.

On appeal, the decision of the trial court will be affirmed unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or misapplies the law. *Kimber v. Director of Revenue*, 817 S.W.2d 627, 629–30 (Mo.App.1991); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In the case at bar, the trial court misapplied the law.

We reverse the judgment and remand the cause to the trial court for the entry of a judgment reinstating the revocation of Gelsheimer's driver's license.

All concur.