Richard Randall ROWAN, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 47637.

Missouri Court of Appeals, Western District.

Feb. 15, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Larry M. Welch, Welch & Starke, Blue Springs, for respondent.

Before BERREY, C.J., and BRECKENRIDGE and SMART, JJ.

PER CURIAM.

This appeal involves judicial review of the revocation of Richard Randall Rowan's driving privileges for refusing breathalyzer testing under § 577.041, RSMo Supp.1992. After a hearing, the trial judge ordered reinstatement of Rowan's driving privileges. The Director of Revenue appeals. Rowan seeks dismissal of the appeal, claiming untimely filing of the notice of appeal.

We deny Rowan's motion to dismiss the appeal. We reverse the trial judge's order, and remand for a new trial.

### Motion To Dismiss The Appeal

On February 11, 1993, immediately after the hearing, the trial judge announced a decision for Rowan, and asked Rowan's counsel to prepare a proposed order. The trial judge stated, "I've made my order effective today." The docket entry made on the same date reflected the announced decision, and noted that counsel would forward an order. On February 19, 1993, the order signed by the judge was filed with the court. That order was mailed to the Director in Jefferson City. On March 30, 1993, the Director filed the notice of appeal.

Rowan argues that the February 11th docket entry constituted the final judgment for purposes of timing the appeal. According to Rowan's calculations, the Director should have filed the notice of appeal by March 23, 1993. Rowan urges that we dismiss the Director's appeal for untimely filing.

We disagree. A docket entry cannot constitute a final judgment when the

judge requests counsel to prepare a formal order, and when all parties contemplate the entry of a formal, final order. *In re Marriage of McCoy*, 818 S.W.2d 322, 323–24 (Mo. App.1991); *Grantham v. Shelter Mut. Ins. Co.*, 721 S.W.2d 242, 245 (Mo.App.1986). Here, although the judge stated on the record that his order was effective immediately, all the parties contemplated the filing of a formal order. Despite the court's reference to his order being "effective immediately," the docket entry indicated that a formal order would be prepared, and both parties understood that. The court mailed the formal order to the Director as its final determination. Therefore, the February 19th order, not the docket entry, triggered timing of the notice of appeal. Under Rule 81.05(a), that order became a final judgment for purposes of appeal thirty days after its entry. Complying with Rule 81.04(a), the Director filed the notice of appeal on March 30, 1993, within ten days after the judgment became final. We deny Rowan's motion to dismiss the appeal.

### Judicial Review of Breathalyzer Refusal Revocation

■ In judicial review of breathalyzer refusal cases, the state bears the burden of proving that (1) the driver was arrested; (2) the arresting officer had reasonable grounds to believe that the driver was driving while in an intoxicated condition; and (3) the driver refused testing. Section 577.041.2; *James v. Director of Revenue*, 767 S.W.2d 604, 612 (Mo.App.1989). If the state fails to prove any of the three criteria, the judge must order reinstatement. Section 577.041.3; *Gelsheimer v. Director of Revenue*, 845 S.W.2d 107, 108 (Mo.App.1993). This appeal concerns only a portion of the second criterion: whether the officer had reasonable grounds for believing Rowan to be in an intoxicated condition.

■ At the hearing the state called two witnesses, and Rowan's counsel cross-examined those witnesses. Rowan's motion for judgment at the close of the Director's evidence was granted. A summary of the evidence follows.

During the early morning hours of December 19, 1992, Deputy Sheriff David Kissee[1] was patrolling near Barry Road and Interstate 29 in Platte County. Carl Reineke accompanied the deputy as a ride-along observer. Reineke first saw a car traveling at a quick pace through the parking lot of a bar, and alerted Deputy Kissee. Both men watched as the car left the parking lot without stopping and turned without signaling. When the car entered the ramp of I-29, it "spun out" diagonally with its rear wheels on the shoulder and its front wheels on the roadway.

After stopping that car, Deputy Kissee approached the driver. Rowan, the driver and sole occupant, rolled down the window. Kissee, according to his testimony, detected a strong odor of alcohol. Rowan had difficulty removing his wallet from his pocket to produce his driver's license, and could not find his proof of insurance. When asked about drinking, Rowan replied that he had not been speeding and that the officer had no reason to stop him. Kissee testified that Rowan eventually acknowledged that he had consumed a few beers. Rowan slurred his speech. Rowan refused to submit to field sobriety testing. Kissee then placed Rowan under arrest. After advising Rowan of his arrest, Deputy Kissee asked Rowan to step out of the car and to place his hands on the roof. The deputy assisted Rowan in getting out. According to the officer, Rowan moved very slowly. Once outside, according to the deputy, Rowan swayed slightly and moved slowly. While escorting Rowan to the patrol car, Deputy Kissee stated that he noticed that Rowan exerted some pressure on Kissee's arm, as if he had needed to stabilize himself. The alcohol influence report prepared by Kissee contained observations by Kissee that Rowan had a strong odor of alcohol on his breath, that his attitude was uncooperative, that his ability to follow instructions was poor, and that his speech was slurred. Nothing was noted on the report about balance, walking or turning.

Standing outside the patrol car, Reineke observed the encounter between Deputy Kissee and Rowan, but Reineke could not hear

1. The transcript and the parties' briefs spell the officer's last name as Keesee. The officer's report in the legal file indicates his name is actually Kissee.

their conversation. From his vantage point, Reineke could not see whether Rowan needed help in getting out of the car. Reineke saw Rowan place his hands on the roof but saw nothing unusual from his vantage point. Reineke stated he did not notice Rowan staggering or leaning toward the deputy as they walked to the patrol car. Inside the patrol car, where Rowan repeatedly refused breathalyzer testing, Reineke noticed that Rowan's breath smelled of alcohol and that Rowan's speech was slurred.

After Deputy Kissee and Reineke testified, the state rested. Rowan moved for judgment at the close of the Director's case. The Court granted the motion. Offering reasons for his decision, the judge stated that neither witness had expressed any opinion on Rowan's intoxication at the time of the stop:

[T]here was not testimony or evidence elicited from the officer that he had any opinion as to whether or not Mr. Rowan was intoxicated, nor was there any evidence elicited from the witness as to whether or not he had an opinion as to whether Mr. Rowan was intoxicated at the time or an opinion as to whether Mr. Rowan was intoxicated at the time of the stop. For that reason, the court finds the issues in favor of the petitioner against the Director of Revenue.

The "point relied on" in the Director's brief is an inartful attempt to argue that the judgment is against the weight of the evidence, or that the judgment is not supported by substantial evidence. In the body of the argument, the Director also argues that the trial court erroneously declared or applied the law by requiring opinion testimony as to intoxication. The issue as to the Director's burden of proof is sufficiently worthy of elucidation that we will overlook the briefing deficiencies to address this issue.

We do not perceive this to be a case in which the trial court simply did not believe the testimony of the arresting officer. Since Rowan never had an opportunity to testify, there was no conflict between Rowan's testimony and Kissee's testimony. Officer Kissee's testimony did not conflict with that of Mr. Reineke, who was accompanying the officer. Any minor discrepancies between Reineke's and Kissee's testimony appear to have resulted from the disparity of their vantage points. Reineke also noticed Rowan's slurred speech and alcohol breath when Rowan was brought to the patrol car. While the trial court could have found some conflict between Kissee's testimony and his written report, there is no indication that the trial court disbelieved Kissee. Rather, we view this case strictly as a decision by the trial court that the Director did not meet his burden of proof because he failed to present testimony that, in the opinion of the officer, Rowan was intoxicated.

We hold that the trial court misapplied the law. The proper issue is whether a reasonable police officer, given the facts of the case, would have had probable cause to believe Rowan was driving while intoxicated, *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 243 (Mo.App.1992). The lack of opinion testimony on intoxication is not fatal even in a criminal prosecution for driving while intoxicated. *State v. Fisher*, 504 S.W.2d 281, 284 (Mo.App.1973). It is necessary only to introduce testimony as to *facts* based on observations of the driver's appearance and conduct which establish intoxication. *See State v. Wilson*, 846 S.W.2d 796, 798 (Mo.App.1993). This is not a DWI case. In this case the Director did not have the burden of establishing intoxication. Rather, in a breathalyzer refusal action the Director's burden is only to show *reasonable grounds* for believing the driver to be intoxicated. The phrase "reasonable grounds" is synonymous with "probable cause." *Tuggle v. Director of Revenue*, 727 S.W.2d 168, 170 (Mo.App.1987). "[A] vast gulf exists between the quantum of information necessary to establish probable cause and the quantum of evidence required to prove guilt beyond a reasonable doubt." *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 243 (Mo.App.1992). Consequently, opinion testimony on intoxication is not essential to establish probable cause to believe a driver was intoxicated.

Here, the testimony of Deputy Kissee may be taken at face value since there is no indication the trial court did not believe Kissee. That testimony establishes reasonable grounds for a belief that Rowan was driving while intoxicated. The testimony at face value showed erratic driving, an odor of alcohol on the driver's breath, slurred speech, and difficulty in locating his driver's license. The

driver also acknowledged the consumption of "a few beers." The trial court is not required to take an officer's testimony at face value where his testimony is contradicted, or is self-contradictory, but in this case the trial court did not, as far as can be discerned from the record, find Kissee's testimony lacking in credibility. Instead, the trial court simply believed that the testimony did not go far enough because the officer was not asked to express an opinion as to intoxication. Consequently, we hold that the trial court erroneously applied the law in reasoning that the state's case must fail for lack of opinion testimony on intoxication.

### Conclusion

We conclude that the trial court erroneously applied the law. Therefore, the order is reversed, and the cause is remanded to the trial court for a new trial.