Kevin RENFRO, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 20642.

Missouri Court of Appeals, Southern District, Division One.

Aug. 19, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theresa J. Miller, Special Assistant Attorney General, Jefferson City, for appellant.

Phillip A. Glades, Anita K. Oakes, Phillip A. Glades & Associates, P.C., Joplin, for respondent.

GARRISON, Judge.

The Director of Revenue (Director) suspended the driver's license of Kevin Renfro (Renfro) pursuant to § 302.505.1 [1] after he was arrested for driving while intoxicated. Renfro requested a trial *de novo,* as authorized by § 302.535, and the trial court ordered his license reinstated. The Director appeals. We reverse and remand.

Renfro was stopped by Joplin, Missouri police officer Curtis Farmer (the "Officer") at approximately 1:30 a.m. on September 9, 1994. The Officer testified that he observed Renfro turn right onto Range Line Road, and later change lanes, without signalling. The Officer stated that he detected a moderate odor of alcohol on Renfro's breath, and he noticed that his speech was slurred and his eyes were "watery, glassy and staring." Renfro told him that he had had "three or four beers." The Officer then administered three field sobriety tests which, in his opinion, Renfro failed. The Officer then arrested him for driving while intoxicated and transported him to the police station, where Renfro tested .13% on a breath test.

At the trial *de novo,* Renfro stipulated that the breath test was properly administered and that he tested .13%. He also testified that when he was stopped he was going home from the Red Lion lounge in Joplin, after having approximately seven drinks. He explained the right turn onto Range Line by saying that it was made from a right turn lane which was controlled by a yield sign, and that this was the only direction a driver could take from that lane. He admitted that he "come [sic] over into the left lane with— down Range Lane [sic]," and said that he later got over into the right lane and pulled over when he saw "the lights" in his rearview mirror. He admitted that the right turn onto Range Line had been made without signalling, and he did not deny that the later lane changes were also made without a signal.

We review the trial court's judgment in accordance with the standards set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). *Gordon v. Director of Revenue,* 896 S.W.2d 737, 739 (Mo.App. E.D. 1995). Therefore, the decision of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* We review the evidence and reasonable inferences drawn therefrom in the light most favorable to the verdict. *Cain v. Director of Revenue,* 896 S.W.2d 724, 726 (Mo.App. E.D. 1995).

The Department of Revenue is authorized by § 302.505.1 to administratively suspend a person's license if the person is arrested upon probable cause that a violation of § 577.010 (driving while intoxicated) or § 577.012 (driving with excessive blood alcohol content) has occurred and chemical analysis reveals a blood alcohol concentration (BAC) exceeding the legal limit. *Stewart v. Director of Revenue,* 702 S.W.2d 472, 475 (Mo.banc 1986); *Collins v. Director of Revenue,* 691 S.W.2d 246, 252 (Mo.banc 1985).

---

1. All references to statutes are to RSMo 1994, and all references to rules are to Missouri Rules of Civil Procedure (1996). Section 302.505.1 reads:

    The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

■ In her sole point on this appeal, the Director contends that she satisfied these requirements and that the trial court's judgment should be reversed. Because Renfro admits that he tested .13% on the breath test, the only issue for determination is whether he was "arrested upon probable cause to believe he was driving" with an alcohol concentration above the legal limit as required by § 302.505.1.

The Director argues that probable cause existed for the arrest, citing *Schranz v. Director of Revenue*, 703 S.W.2d 912 (Mo.App. W.D.1986). In *Schranz*, the court said that probable cause to arrest for a violation of § 577.010 or 577.012 exists when the officer observes a traffic violation or unusual operation of a vehicle and, upon stopping the motorist, notes indications of alcohol consumption. *Id.* at 913. In *Humes v. Director of Revenue*, 908 S.W.2d 156, 158 (Mo.App. E.D. 1995), the court said:

> Probable cause exists when the facts and circumstances would warrant a person of reasonable caution to believe that an offense has been committed. The determination of whether an officer has probable cause to make an arrest must be made 'in relation to circumstances as they would have appeared to a prudent, cautious, and trained police officer.' (citation omitted)

*See also Oughton v. Director of Revenue*, 916 S.W.2d 462, 464 (Mo.App. E.D.1996).

The Director also argues that even if probable cause was absent, such deficiency is not fatal because a license suspension proceeding is civil in nature, and the alleged illegality or lack of probable cause for the stop does not affect the admissibility of observations stemming from that stop. In support, she cites *Lambert v. Director of Revenue*, 897 S.W.2d 204, 205–06 (Mo.App. E.D.1995); *Gordon v. Director of Revenue*, 896 S.W.2d at 740; and *Gelsheimer v. Director of Revenue*, 845 S.W.2d 107, 108–09 (Mo.App. W.D.1993).[2] *See also Oughton v. Director of Revenue*, 916 S.W.2d at 464; *Sulls v. Director of Revenue*, 819 S.W.2d 782, 783–84 (Mo.App. S.D.1991); *Kimber v. Director of Revenue*, 817 S.W.2d 627, 631–32 (Mo.App. W.D.1991).

■ In the instant case, however, there was uncontradicted evidence that Renfro at least changed lanes without signalling. Section 304.019 prohibits moving right or left on a roadway unless it can be made with reasonable safety, "and then only after the giving of an appropriate signal in the manner provided herein." Renfro concedes that an officer is authorized to stop a vehicle upon observing a traffic violation, citing *Schranz v. Director of Revenue*, 703 S.W.2d at 913. He also concedes that probable cause to arrest for an alcohol related traffic violation, and in turn to support an administrative license suspension, may be developed after a motorist is otherwise properly stopped, citing *Aron v. Director of Revenue*, 737 S.W.2d 718, 719 (Mo. banc 1987).

In the instant case, the Officer was authorized to stop Renfro upon observing the traffic violation. The Officer also testified about observations, after the stop, which authorized his arrest of Renfro for driving while intoxicated. These observations were not disputed by Renfro in his testimony.

■ Renfro argues that because the trial court made no findings of fact or conclusions of law, we must therefore assume that it did not find the Officer's testimony to be credible. Although he cites no case in support of this proposition, Rule 73.01(a)(3) does provide that "[a]ll fact issues upon which no

---

**2.** *Gelsheimer* involved a revocation of a driver's license pursuant to § 577.041 for failure to submit to a chemical test. The appellate court noted that § 577.041 does not require the arresting officer to have reasonable grounds before he makes the initial stop. 845 S.W.2d at 108. That statute requires "[t]hat the officer has reasonable grounds to believe that the arrested person was driving ... while in an intoxicated condition."

By comparison, § 302.505.1, under consideration in this case, requires that the person "was arrested upon probable cause to believe he was driving" with an alcohol concentration of .10% or more. "Reasonable grounds" and "probable cause" are virtual synonyms. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App. W.D. 1992).

specific findings are made shall be considered as having been found in accordance with the result reached." A similar argument was made in *Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo.banc 1995). The Missouri Supreme Court rejected that contention, saying that the officer's testimony was unequivocal and there was no contradictory evidence. *Id.* The same is true in the instant case. Although Renfro testified at the hearing, he disputed neither the Officer's testimony about changing lanes without signalling nor his description of Renfro's condition which indicated that he was intoxicated. "Deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict." *Justice v. Director of Revenue,* 890 S.W.2d 728, 730 (Mo.App. W.D.1995).

The judgment of the trial court is reversed. The case is remanded to the trial court with directions to enter a judgment reinstating the suspension of Renfro's driving privileges.

BARNEY, P.J., and PREWITT, J., concur.