James Matthew BENSON, Appellant,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.

No. WD 52459.

Missouri Court of Appeals, Western District.

Submitted Nov. 7, 1996.

Decided Feb. 4, 1997.

Daniel W. Deiter, Montgomery City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and BRECKENRIDGE and SMART, JJ.

PER CURIAM:

James Benson appeals from a decision of the trial court upholding the Director of Revenue's action in revoking his driving privilege. Benson claims that the trial court erred in finding that he had refused to take a breath test because: (1) there is no substantial evidence that the machine used in the testing was a chemical test as provided for in § 577.020, RSMo 1994; and (2) the evidence is undisputed that Benson blew into the machine in a manner sufficient for the machine to detect alcohol. The judgment of the trial court is affirmed.

On January 13, 1996, at approximately 9:00 p.m., Trooper Kenneth Robinson pulled a car over that was speeding. The driver of the car was the appellant, James Benson. According to Trooper Robinson's testimony, he noticed that Benson's eyes were bloodshot and glassy. He also noticed a strong odor of intoxicants. Benson did not perform well on several field sobriety tests. Benson was placed under arrest and transported to the Callaway County Jail.

Corporal Easely attempted to administer a breath test to Benson. Corporal Easely explained the test to Benson, instructing him to take a deep breath and blow into the mouthpiece. When Benson attempted to take the test, Corporal Easely observed that Benson was blowing air out of the side of his mouth. Easely also felt the air on his hand as his hand rested on a cabinet beside the machine. Trooper Robinson observed that the mouthpiece did not fog up as it normally does when someone blows into the machine. Benson purported to take the test three times. On his first attempt the readout on the machine stated, "inadequate sample." The second purported attempt produced another readout of "inadequate sample," but also read "mouth alcohol detected." The third venture also produced a readout of "inadequate sample." Corporal Easely told Benson that his failure to follow the required procedure was a refusal of the test.

Benson testified at trial that he complied with the officer's directions and that he had a tight seal with his mouth around the mouthpiece of the machine. He stated that he did not refuse to take the test. Corporal Easely testified that there did not appear to be anything wrong with the machine and, after Benson had failed to complete the test, Corporal Easely tested the machine and found no defect in the operation of the machine.

The trial court upheld the revocation of Benson's license. Benson appeals.

Benson contends first that the trial court erred in finding that he had refused to take a breath test because there is no substantial evidence that the machine used in testing was an approved chemical test pursuant to § 577.020. He also contends that the Director failed to meet her burden of proof in that the evidence is undisputed that Benson blew into the machine with sufficient volume for the machine to detect alcohol.

The trial court's decision must be affirmed unless there is no substantial evidence to support it; it is against the weight of the evidence; or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We review the evidence that supports the trial court's judgment and all reasonable inferences that may be drawn therefrom. *Kimber v. Director of Revenue*, 817 S.W.2d 627, 630 (Mo. App.1991). Evidence and inferences contrary to the judgment are discarded. *Id.* The trial court is the finder of fact, and we view all fact issues in accordance with the result reached by the trial court. *Bennett v. Director of Revenue*, 889 S.W.2d 166, 168 (Mo.App.1994). The trial court may accept or reject all, part or none of the testimony presented to it. *Berry v. Director of Revenue*, 885 S.W.2d 326, 328 (Mo. banc 1994).

There are three things that the trial court must find in order to uphold the revo-

cation of a driver's license for failure to submit to chemical testing pursuant to § 577.041: (1) that the driver was arrested; (2) that the officer who arrested the driver had reasonable grounds to believe that the driver was driving while intoxicated; and (3) that the driver refused to submit to a chemical test. *Wilmoth v. Director of Revenue,* 903 S.W.2d 595, 597 (Mo.App.1995). The trial court must reinstate driving privileges if it determines that one or more of these requirements has not been met. *Berry,* 885 S.W.2d at 327.

There is no controversy that there was evidence to support a finding as to the first two elements, that the driver was arrested and that the arresting officer had reasonable grounds to believe that the driver was intoxicated. Appellant contends that the trial court could not reasonably find that Benson's actions constituted a refusal. We disagree. In *Spradling v. Deimeke,* 528 S.W.2d 759, 766 (Mo.1975), the court explained:

> There is no mysterious meaning to the word "refusal." In the context of the implied consent law, it simply means that an arrestee, after having been requested to take the breathalyzer test, declines to do so of his own volition. Whether the declination is accomplished by verbally saying, 'I refuse', or by remaining silent and just not breathing or blowing into the machine, or by vocalizing some sort of qualified or conditional consent or refusal, does not make any difference. The volitional failure to do what is necessary in order that the test can be performed is a refusal.

The trial court was entitled to believe Corporal Easely's testimony, which suggested Benson was willfully attempting to avoid doing what was necessary to perform the test. The court could reasonably find that Benson refused to cooperate with the test.

Benson also complains that the record does not show that the machine used was one approved by the Division of Health. Benson argues that the record refers to the machine in general terms such as a "breathalyzer," as a "Data Master," and as a "testing device." Benson fails to provide us with authority for the proposition that the nature and identity of the particular type of test equipment must appear in the record, along with specific evidence of the approval of the Division of Health, before a court may make a finding that he refused to take a test authorized under § 577.020.

The Director bears the burden of establishing a *prima facie* foundation for the introduction breathalyzer test results. *See Stuhr v. Director of Revenue,* 766 S.W.2d 446, 449 (Mo. banc 1989). Establishing a *prima facie* foundation requires proof that the test was performed by an operator with a valid permit on equipment approved by the Division of Health following the approved techniques and methods of the Division. *Id.* It has been held, however that proof of compliance with the foundational requirements is unnecessary in the absence of a proper and timely objection. *Barish v. Director of Revenue,* 872 S.W.2d 167, 175 (Mo.App.1994). In *Barish,* as in this case, there was a contention on appeal that the Director of Revenue had not shown at trial that the testing machine was maintained in accordance with the regulations of the Department of Health. The court held this contention had not been preserved by a specific objection at trial. Where evidence is admitted without objection, it may be properly considered, even if the evidence would have been excluded by a proper objection. *Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 339 (Mo. banc 1992). Here there was no objection to the testimony given by the two officers as to the three purported attempts at taking the test.

Benson also contends that the reported results were inconsistent, and that the evidence is undisputed that Benson blew into the machine in a manner sufficient to detect alcohol. We agree that the machine at one point detected alcohol. However, on none of three attempts did the machine ever record a blood-alcohol percentage. Also, we do not agree that the results were inconsistent. The fact that mouth alcohol was detected in the second sample does not mean that the sample given was adequate for a test. There is also no ambiguity in the testimony that Benson blew out of the sides of his mouth on

all three attempts, contrary to the instructions that he was given.

The judgment of the trial court is affirmed.