**Gary Lee BAKER, Petitioner/Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Respondent.**

No. 70376.

Missouri Court of Appeals,
Eastern District,
Division One.

May 13, 1997.

Robert R. Schwarz, Schwarz & Associates, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for respondent.

REINHARD, Judge.

Petitioner appeals from the judgment denying his petition to review the suspension of his driving privileges by the Director of Revenue (Director) for refusal to submit to a chemical test of the alcoholic content of his blood. We affirm.

The record reveals that on December 21, 1995, Trooper Harold Smith stopped petitioner's car for tailgating another vehicle. Trooper Smith smelled alcohol on petitioner's breath and asked him to perform some field sobriety tests. Petitioner admitted that he had been drinking, and he subsequently failed the gaze nystagmus test, the walk and turn test, and the one leg stand test. Trooper Smith then asked petitioner to blow into a portable breathalyzer machine, but petitioner did not "supply the machine with enough air." Petitioner repeated the test, and Trooper Smith arrested him for driving while intoxicated.

Trooper Smith transported petitioner to the local sheriff's department and read the Implied Consent Law to him. Petitioner refused to take the breathalyzer test, and his

license was subsequently revoked under § 577.041, RSMo 1994.[1]

In his sole point on appeal, petitioner contends that the judgment sustaining the suspension of his driving privileges "was erroneous in that the only evidence in the case showed that the police officer administered two so called breathalyzer tests and only on the third breathalyzer test did [petitioner] refuse."

Section 577.020.1 provides:

[A motorist] shall be deemed to have given consent to ... a chemical test or tests of his breath ... for the purpose of determining the alcohol or drug content of his blood if arrested for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving ... while in an intoxicated or drugged condition....

Under § 577.020.2, implied consent is "limited to not more than two such tests arising from the same arrest...." The driving privileges of motorists who refuse "to submit to any test allowed under section 577.020" will be subject to revocation. § 577.041.

In contrast to § 577.020, § 577.021 permits officers to give breathalyzer tests to motorists prior to arrest. The results are admissible as "evidence of probable cause to arrest and as exculpatory evidence," but they are not "admissible as evidence of blood alcohol content." *Id.* Tests performed under this section are not subject to the provisions of § 577.020, such as the arrest requirement. *Id.*

 The portable breathalyzer test given to petitioner prior to his arrest fell within the provisions of § 577.021. The test was performed only to establish probable cause for the arrest, and the results were not admissible as evidence of petitioner's blood alcohol content. A test administered with a portable breath analyzer does not constitute a test within the scope of § 577.020. *Justice v. Director of Revenue,* 890 S.W.2d 728, 731 (Mo.App. W.D.1995).

Under the implied consent law, petitioner was deemed to have consented to two tests within § 577.020. Petitioner submitted to no tests under that section. Because petitioner refused to take a breathalyzer test within the provisions of § 577.020, his driving privileges were properly revoked under § 577.041. *See Justice,* 890 S.W.2d at 731.

Judgment affirmed.

DOWD, P.J., and GARY M. GAERTNER, J., concur.

---

1. All statutory citations are RSMo 1994.