Paul A. SUTTON, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 23150.

Missouri Court of Appeals,
Southern District,
Division Two.

July 7, 2000.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Joe Crosthwait, Joplin, for respondent.

ROBERT S. BARNEY, Judge.

The Director of Revenue ("Director"), appeals the judgment of the circuit court finding that Paul A. Sutton ("Petitioner"), did not unequivocally refuse to submit to a chemical test as prescribed by section 577.041.1 and ordering the reinstatement of petitioner's license to operate a motor vehicle. *See generally* § 577.041.[1]

In his sole point relied on, Director maintains that the trial court erred in setting aside the revocation of Petitioner's license to operate a motor vehicle. He maintains that at trial he had proven all the elements necessary to revoke Petitioner's driver's license. He asserts that the trial court misinterpreted and misapplied the law and that the trial court's findings were against the weight of the evidence.

On the other hand, Petitioner maintains that Director failed to prove a prima facie case that Petitioner refused to submit to a chemical test. He argues that at the hearing the Director offered only hearsay testimony to support the refusal and that Petitioner had, indeed, submitted to a chemical test. Therefore, Petitioner maintains that the trial court did not err in "restraining the Director from revoking" Petitioner's license to operate a motor vehicle.

 "The trial court's decision must be affirmed unless there is no substantial evidence to support it; it is against the weight of the evidence; or it erroneously

---

1. Statutory references are to RSMo Cum. Supp.1998, unless otherwise specified.

declares or applies the law." *Benson v. Director of Revenue*, 937 S.W.2d 768, 769 (Mo.App.1997).

> There are three things that the trial court must find in order to uphold the revocation of a driver's license for failure to submit to chemical testing pursuant to § 577.041:(1) that the driver was arrested; (2) that the officer who arrested the driver had reasonable grounds to believe that the driver was driving while intoxicated; and (3) that the driver refused to submit to a chemical test.

*Id.* at 769–70. "The trial court must reinstate driving privileges if it determines that one or more of these requirements has not been met." *Id.* at 770.

> There is no mysterious meaning to the word "refusal." In the context of the implied consent law, it simply means that an arrestee, after having been requested to take the breathalyzer test, declines to do so of his own volition. Whether the declination is accomplished by verbally saying, 'I refuse', or by remaining silent and just not breathing or blowing into the machine, or by vocalizing some sort of qualified or conditional consent or refusal, does not make any difference. The volitional failure to do what is necessary in order that the test can be performed is a refusal.

*Id.* (quoting *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo.1975)); *see McMaster v. Lohman*, 941 S.W.2d 813, 817 (Mo.App. 1997).

According to the record, Petitioner was involved in an automobile accident at about midnight on December 19, 1998. Officer Gary McKinney testified at trial, and the stipulated "police officer's report" so reflected, that while investigating the accident the officer smelled a moderate odor of intoxicants coming from Petitioner and noted that Petitioner's balance was impaired and his speech was slurred. Petitioner admitted to ingesting two beers just

before the accident. Petitioner failed several field sobriety tests, including the Horizontal Gaze Nystagmus test, the one-leg stand test, and the walk and turn test. Petitioner submitted to a preliminary breathalyzer test (PBT), which indicated that a "high level of alcohol was present in his blood." Petitioner was then arrested and transported to the police station where officer McKinney advised Petitioner of his rights under the "Implied Consent Law," *see* § 577.041.1, together with his Miranda "rights." At the police station, Officer McKinney requested a breath sample from Petitioner to determine his blood alcohol content. While the police report recited that Petitioner "complied" with this request, the import of the police officer's report is that after Petitioner was granted "several opportunities to give an adequate sample," he did not and he was "marked" as "refusing the test."

This Court immediately observes that the Director satisfied the first two statutory elements as set out in *Benson, supra.* It is clear that Officer McKinney had reasonable grounds to believe that Petitioner was driving while intoxicated and that he was thereafter arrested. "Probable cause for arrest exists when an officer possesses facts which would justify a person of reasonable caution to believe that an offense has been or is being committed and that the individual to be arrested committed it." *Chancellor v. Lohman*, 984 S.W.2d 857, 858 (Mo.App.1998) (the deputy smelled a strong odor of alcohol, Chancellor was unsteady and had difficulty keeping his balance, Chancellor nearly fell twice, and his speech and movements were slow and unsure); *see also* examples set out in *Duffy v. Director of Revenue*, 966 S.W.2d 372, 380 (Mo.App.1998).

Additionally, after reviewing the record, we determine that Petitioner's argument that the Director only offered hearsay testimony in attempting to prove

that Petitioner had refused a chemical test has no merit.

■■■ We first observe that at the commencement of the trial both parties stipulated to the "police officer's report." It is apparent from our review of the legal file that the "police officer's report" is composed of the alcohol influence report ("form 2389"), together with an annexed narration of Officer McKinney (as referenced by page four of form 2389). Petitioner's attorney referred to the report extensively throughout the course of the trial and cross-examined Officer McKinney extensively from the report. As a general rule, "[s]tipulations 'are controlling and conclusive, and courts are bound to enforce them.'" *City of Jennings v. Division of Emp. Sec.*, 943 S.W.2d 330, 335–36 (Mo. App.1997) (quoting Pierson v. Allen, 409 S.W.2d 127, 130 (Mo.1966)); *see also Wilson v. Shanks*, 785 S.W.2d 282, 285 (Mo. banc 1990) ("[a]ny complaint that the report was hearsay was obviated when plaintiffs' attorney stipulated that the report was part of [the] business records"). "When a written document is admitted into evidence, it is admitted in its entirety, absent a request that only portions be admitted." *Sullivan v. Director of Revenue*, 980 S.W.2d 339, 341 (Mo.App.1998).

■■■ Secondly, the police officer's report is not the only evidence that Petitioner refused to give an adequate sample of his breath. At trial, Officer McKinney was asked by the prosecutor whether he had asked Petitioner "to perform a chemical breath analysis?," and Officer McKinney answered, "Yes, Sir." The prosecutor then inquired, "And did he perform that?", whereupon Officer McKinney answered, without objection, "No, he did not." Officer McKinney also related without objection that Petitioner "did agree to take the test; however, upon administering the

test, he would not give an adequate sample." "Where evidence is admitted without objection, it may be properly considered, even if the evidence would have been excluded by a proper objection." *Benson*, 937 S.W.2d at 770. Officer McKinney then related that "Sergeant Pachlhofer was the one that administered the test...." Whereupon Petitioner's attorney stated, "I object to Mr. –anything that Mr. Pachlhofer would say." The court sustained the objection. However, Petitioner's attorney made no motion to strike any of the prior testimony of Officer McKinney on the basis of hearsay or otherwise. "[S]ustaining an objection after a witness answers a question does not have the effect of striking the answer in the absence of a motion to strike." *Simmons v. Director of Revenue*, 3 S.W.3d 897, 900 (Mo.App.1999).

The prosecutor then continued, "You witnessed the refusal to test?" Officer McKinney answered, "That is correct." The following colloquy then took place between Petitioner's attorney and Officer McKinney.

Q. [Petitioner's Attorney]: Okay. Then [the police officer's report] says, "However, [Petitioner] would not give an adequate sample." How do you know he wasn't giving an adequate sample?

A. [Officer McKinney]: Sergeant Pachlhofer administered the test.

Q. No, no, no. I'm asking you. You. You're sitting here on the witness stand.

A. Yes, sir.

Q. How do you know he didn't give an adequate—

A. As I observed him giving the sample, he was blowing around the tube, which I could tell by the sound of the air passing around the tube instead of through the tube.[2] And Sergeant Pachlhofer also stated to me that he could feel the breath on his hand."

2. In *Benson*, the trial court upheld the Director's revocation of Benson's driver's license where there was testimony reciting that "Benson was blowing air out of the side of his

. . . .

Q. How do you know that he wasn't attempting to blow in, and it just wasn't going in?

A. Because I have given numerous samples myself, plus numerous DWI arrests, and there is no way you can have difficulty in blowing into the instrument.

Q. You didn't mark him as a refusal, did you?

A. No, sir.

Q. Okay. But it is your testimony that when you asked him to blow into—was it you that asked him to blow into the—

A. Yes, sir. It was.

. . . .

Q. Okay. Did he blow?

A. Not into the instrument, no.

Q. Okay. Was he blowing?

A. Around the tube, yes.

■■■■ An objection to the admission of evidence "is waived where the same or similar evidence has been elicited or introduced by the objector." *Collins v. Missouri Dir. of Revenue*, 2 S.W.3d 164, 169 (Mo.App.1999); *Alvey v. Sears, Roebuck and Co.*, 360 S.W.2d 231, 234 (Mo.1962). We determine, therefore, that the Director of Revenue made a prima facie case supporting the proposition that Petitioner refused to take a chemical test as provided by section 577.041. *See also* § 577.020. No contradictory evidence was presented at trial by Petitioner refuting this prima facie showing.

■■■■ Additionally, we observe that while section 577.021 permits an officer to give a breathalyzer test to a motorist prior to arrest, the results are not "admissible as evidence of blood alcohol content." § 577.021; *see Baker v. Director of Revenue*, 945 S.W.2d 589, 590 (Mo.App.1997). "A test administered with a portable breath analyzer does not constitute a test within the scope of § 577.020." *Baker*, 945 S.W.2d at 590.

■■■■ We recognize that this Court sets aside a judgment on the basis that it is against the weight of the evidence only when it is has a firm belief that the judgment is wrong. *Duffy*, 966 S.W.2d at 379. Nevertheless, " 'deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict.' " *Kienzle v. Director of Revenue*, 944 S.W.2d 326, 328 (Mo.App.1997) (quoting *Renfro v. Director of Revenue*, 927 S.W.2d 945, 948 (Mo.App.1996)); *Fischer v. Director of Revenue*, 928 S.W.2d 424, 425–26 (Mo.App. 1996). "Our standard of review 'does not permit this [C]ourt to affirm the judgment of the trial court by merely disregarding all uncontradicted evidence that supports Director's contention that all elements for an administrative revocation of [Petitioner's] license were proven.' " *Kienzle*, 944 S.W.2d at 328 (quoting *Tidwell v. Director of Revenue*, 931 S.W.2d 488, 491 (Mo.App. 1996)).

We conclude that Petitioner refused to take a breathalyzer test within the provisions of section 577.020 and section 577.041. The Director properly revoked Petitioner's driving privileges under section 577.041. The trial court incorrectly applied the law in reinstating Petitioner's driver's license and its judgment is not supported by the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment and order of the trial court is reversed. The case is remanded to the trial court with directions to enter a judgment reinstating the revocation of Petitioner's driver's license.

mouth," and that the officer "felt the air on his hand as his hand rested on a cabinet

beside the machine." *Benson*, 937 S.W.2d at 769.

PREWITT, J., CONCURS.

GARRISON, C.J., CONCURS.