Scott M. WRIGHT, Respondent,

v.

Carol Russell FISHER, Director
of Revenue, Appellant.

No. WD 60575.

Missouri Court of Appeals,
Western District.

Oct. 15, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 26, 2002.

Kip A. Stetzler, Kansas City, MO, for
appellant.

Michael E. Reardon, Kansas City, MO,
for respondent.

Before JOSEPH M. ELLIS, Chief
Judge, ROBERT G. ULRICH, Judge and
VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Chief Judge.

The Director of Revenue appeals from a
judgment reinstating Scott M. Wright's
driver's license, which had been revoked
by the Director pursuant to § 577.041.[1]
The trial court found that Wright had been
arrested upon sufficient probable cause
but reinstated the license based upon a

---

1. All statutory references are to RSMo 2000     unless otherwise noted.

finding that Wright had not refused to submit to an authorized chemical test.[2]

The trial court's judgment in a driver's license revocation case must be affirmed on review unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Benson v. Director of Revenue*, 937 S.W.2d 768, 769 (Mo.App. W.D.1997) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). We review the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all evidence and inferences to the contrary. *Id.* Viewed in accordance with our standard of review, the evidence presented at trial reflects the following.

On July 8, 2001, Platte County Deputy Sheriff Chad Phillips arrested Wright for operating a motor vehicle while intoxicated. Deputy Phillips took Wright to the Riverside, Missouri, Department of Public Safety building. After they arrived, Deputy Phillips read the implied consent warning found on the Alcohol Influence Report form to Wright. After reading those warnings, Deputy Phillips told Wright that, in order to determine the alcohol content in his blood, he was requesting that Wright submit to a chemical test of his breath. The machine that Deputy Phillips intended to use for this test was a Data Master breathalyzer. When Deputy Phillips asked Wright if he would take a breathalyzer test, Wright said, "No." After Wright indicated that he would not take the test, Deputy Phillips issued him a notice of revocation of his driver's license pursuant to § 577.041.

Shortly thereafter, Wright filed a petition for review in the Circuit Court of Platte County. Following an evidentiary hearing, the trial court found that Wright had been arrested and that Deputy Phillips had reasonable grounds to believe Wright had been operating a motor vehicle while intoxicated. However, the trial court issued a judgment reinstating Wright's license based upon a finding that Wright had not refused to take a chemical test.

■ In her sole point on appeal, the Director argues that the trial court's finding that Wright did not refuse to submit to a chemical test is not supported by the record and is contrary to the overwhelming weight of the evidence.

■ "In the context of the Implied Consent Law, a 'refusal' to submit to a chemical test means declining to take the test of one's own volition when requested to do so." *Long v. Director of Revenue*, 65 S.W.3d 545, 549 (Mo.App. W.D.2001). Wright concedes that he told Deputy Phillips that he understood the Implied Consent warnings, that he refused to take the test that was offered, and that the evidence presented at the hearing established those facts. Accordingly, the fact that White refused to take the chemical test of his breath requested by Deputy Phillips is uncontroverted.

However, based upon the gratuitous statements offered by the trial court following the evidentiary hearing, it appears that the trial court accepted Wright's argument that the test that was offered did not qualify as an approved test under the applicable statutory language and that his

2. "[T]he trial court is only required to find three things under § 577.041.4 to uphold the revocation of a driver's license for refusal to submit to a chemical test: 1) whether the driver was arrested; 2) whether the arresting officer had reasonable grounds to believe the driver was driving while intoxicated; and 3) whether the driver refused to submit to the test." *Fredrickson v. Director of Revenue*, 55 S.W.3d 460, 465 (Mo.App. W.D.2001).

refusal was therefore rendered meaningless.

Section 577.041 provides for the revocation of a driver's license where a driver, who is arrested upon reasonable cause to believe he has been driving while intoxicated, refused to submit to any test allowed under § 577.020. Section 577.020.4 provides that "[t]he state department of health shall approve satisfactory techniques, devices, equipment, or methods to be considered valid pursuant to the provisions of sections 577.020 to 577.041 . . ." Section 577.020.3 states that the methods approved by the Department of Health must be followed in order for the chemical analysis to be deemed valid. In 19 CSR 25–30.060, the Department of Health established a checklist to be followed in conducting a breath test using a Data Master breathalyzer.

The evidence presented at the hearing established that Deputy Phillips did not follow or fill out the checklist prescribed by 19 CSR 25–30.060 for conducting a breath test using a Data Master breathalyzer. Wright argued at the hearing that the test he refused to take was, therefore, not one that was authorized under § 577.020 because the regulations established by the Department of Health had not been followed. The trial court apparently accepted that argument.

■ However, this Court has previously held that whether the law enforcement officer requesting a chemical test complied with the requirements of the applicable checklist contained in 19 CSR 25–30.060 is not relevant to the issue of whether the driver refused to take the requested chemical test. *Fredrickson v. Director of Revenue*, 55 S.W.3d 460, 464 (Mo.App. W.D. 2001); *Benson*, 937 S.W.2d at 770. "Compliance with the requirements [of 19 CSR 25–30.060] does not become an issue unless the Director attempts to introduce into evidence blood alcohol analysis results and the driver objects to their admission." *Fredrickson*, 55 S.W.3d at 465. Accordingly, the trial court's finding that Wright refused to take a chemical test cannot properly have been based upon evidence that Deputy Phillips failed to follow the checklist found in the regulations.

Much like the case at bar, in *Benson v. Director of Revenue*, 937 S.W.2d 768, 770 (Mo.App. W.D.1997), the driver argued that the record did not support a finding that he refused an authorized breath test where the record did not establish that the Data Master breathalyzer machine that would have been used had been approved by the Division of Health. This court rejected the driver's argument, noting a lack of any authority supporting "the proposition that the nature and identity of the particular type of test equipment must appear in the record, along with specific evidence of the approval of the Division of Health, before a court may make a finding that he refused to take a test authorized under § 577.020." *Id.*

The uncontroverted evidence in this case reflects that Wright was asked to take a chemical test of his breath and that he refused. The trial court's finding that he did not refuse to take a chemical test is not supported by the evidence and is against the weight of the evidence. Therefore, the judgment of the trial court is reversed, and the cause is remanded to the trial court to enter a judgment reinstating the revocation.