Alexandre **KISSELEV**, Petitioner–
Respondent,

v.

**DIRECTOR OF REVENUE, STATE
OF MISSOURI**, Respondent–
Appellant.

No. 24740.

Missouri Court of Appeals,
Southern District,
Division Two.

March 6, 2003.

Motion for Rehearing and Transfer
to Supreme Court Denied
March 19, 2003.

Application for Transfer Denied
April 22, 2003.

Jeremiah W. (Jay) Nixon, Asst. Atty. Gen., and Cheryl Caponegro Nield, Asst. Atty. Gen., Jefferson City, for appellant.

Carrie Sue Genisio, Warten, Fisher, Lee & Brown, Joplin, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Missouri's Director of Revenue ("Director") appeals the judgment of the trial court reinstating the driving privileges of Alexandre Kisselev ("Respondent"). Respondent's license had been revoked pursuant to § 577.041 [1] for his alleged refusal to submit to a chemical test to determine his blood alcohol concentration. Director claims the judgment is against the weight of the evidence and is unsupported by substantial evidence. We affirm the trial court's judgment of reinstatement.

Respondent, who came to this country in 1997 or 1998, is not fluent in the English language. After Respondent was stopped and arrested for driving under the influence of alcohol by JasCo Metropolitan Police Department Officer Swain, he was transported to the Webb City Police Department. [2] Officer Swain advised Respondent of his *Miranda* rights [3] and Missouri's Implied Consent Law and requested that Respondent take a breathalyzer test. Respondent agreed. Officer Swain testified that he had some problems communicating with Respondent when he was trying to advise Respondent of his *Miranda* rights. Respondent would "ask—act like he was asking questions, and I would have to stop him and then read the—read it to him"; however, once Officer Swain finished reading Respondent his Miranda rights, Respondent indicated that he understood. Officer Swain testified that it was quite possible that "the language was some barrier" and that "part of the problem might have been the language" in administering the tests.

Sergeant Malone of the Webb City Police Department then spent five to seven minutes explaining the test to Respondent and instructed him on how to blow into the instrument. Sergeant Malone testified that he did not notice any difficulty in communicating with Respondent. Sergeant Malone attempted to administer the breathalyzer test to Respondent; however, he testified that Respondent did not blow hard and did not blow into the mouthpiece, "[i]t appeared that he was blowing kind of around the mouthpiece of the instrument." He stated that he could hear Respondent blowing around the mouthpiece and "it looked like he was blowing lightly after instructed to blow strong, consistent breath, like you would a balloon—like

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. Respondent was transported to the Webb City Police Department because Officer Swain was unable to perform a breathalyzer test with the JasCo Metropolitan Police Department's breathalyzer because of a maintenance problem with it.

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

you'd be blowing up a balloon." The first attempt resulted in an invalid sample.[4]

Sergeant Malone and Officer Swain explained the procedure to Respondent again and Officer Swain told Respondent "not to shake his head and not to stop until told to do so" while blowing into the instrument. Respondent did not indicate that he had any questions. Sergeant Malone testified that he then attempted to administer the test again; however this time Respondent "appeared to be trying to blow saliva and blow around it again." Sergeant Malone also observed that rather than keeping his hands at his sides as instructed, Respondent grabbed the instrument. The second sample was also invalid. Respondent was then transported to the JasCo Metropolitan Police Department.

While waiting for his son to arrive at the police department, Respondent told Officer Swain that he wanted to take another test, but his request was denied. Respondent's son testified that he arrived at the police department within an hour of Respondent's arrest and spoke to Officer Swain about the possibility that his father may not have understood the instructions clearly. He requested that Officer Swain give Respondent another test and offered to help his father with the instructions for an additional test; however, the officer indicated that no other tests would be administered. Officer Swain refused to allow Respondent to attempt a third test because it was his department's policy to allow only two tests.

After hearing the evidence, the trial court found that Respondent "did not unequivocally refuse to submit to a chemical test" and reinstated Respondent's driving privileges. This court will affirm a trial court's reinstatement of driving privileges

that have been revoked for refusing to consent to a chemical test unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Sutton v. Director of Revenue*, 20 S.W.3d 918, 920–21 (Mo.App. S.D.2000). The issues in a post-revocation hearing are limited to (1) whether the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe the person was operating a motor vehicle while in an intoxicated or drugged condition; and (3) whether the person refused to submit to the test. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). The director has the burden of proof at the hearing. *Id.* If the trial court finds any issue not to be in the affirmative, it shall order the director to reinstate the license. *Id. See also* § 577.041.5. Only the third element, whether Respondent refused to submit to the test, is at issue here. For the purposes of § 577.041, a refusal means, "an arrestee, after having been requested to take the breathalyzer test, declines to do so of his own volition." *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo.1975).

■ Director contends the trial court's judgment reinstating Respondent's driving privileges was against the weight of the evidence and unsupported by substantial evidence. Director argues that the evidence showed that Respondent understood the breath test instructions, but refused to produce a valid sample. Director further contends Respondent's evidence concerning a language barrier was purely speculative and showed only that there was a "possibility" that he misunderstood the test instructions in some unspecified way. We must disagree.

---

4. According to Officer Swain, an invalid sample results when there is not enough sample material going into the breathalyzer.

In determining whether there is substantial evidence, the appellate court must defer to the trial court on factual issues and cannot substitute its judgment for that of the trial court. *Hawk v. Director of Revenue,* 943 S.W.2d 18, 20 (Mo. App. S.D.1997). The determination of whether a person refused to cooperate in the taking of a chemical test under § 577.041 is a question of fact. *Id.* at 21. The trial court is to be accorded wide discretion even if there is evidence that would support a different result and in driver's license revocation cases, when weighing witness credibility, trial courts have the prerogative to accept or reject all, part, or none of the testimony of any witness. *Id.*

While there is no dispute that no valid samples were produced, the trial court, which heard the evidence, accepted that there was a language barrier. The trial court also heard both of the officers' testimony concerning the arrest and the implementation of the tests. Officer Swain, who was with Respondent throughout the entire ordeal, testified that he had some problems communicating with Respondent and that "part of the problem might have been the language." Respondent's son testified that Respondent had immigrated to the United States from Russia and was not very familiar with the English language. Based on the testimonies of both Officer Swain and Respondent's son, the trial court could have determined that Respondent did not understand the test instructions. Furthermore, the manner in which Respondent attempted to perform the breathalyzer tests and his offers to take another test support Respondent's contention that he did not clearly understand how to take the breathalyzer test and, thus, did not refuse the breathalyzer.

Although there was evidence presented at the hearing that was contrary to the trial court's judgment, this evidence is not necessarily conclusive. Sergeant Malone testified that he did not have any trouble communicating with Respondent; however, his contact with Respondent was limited only to explaining and administering the breathalyzer test. Sergeant Malone testified that Officer Swain observed Respondent for the fifteen minutes before the test and that it only took Sergeant Malone five to seven minutes to explain and administer the test to Respondent during the first attempt. The trial court found that Respondent did not intentionally act to subvert the test and, thus, did not refuse to take the test. Keeping in mind that the Director had the burden of proof at the hearing, we defer to the trial court's determination that Respondent did not refuse to submit to the breathalyzer test.

The judgment of the trial court is affirmed.

PREWITT, P.J., and PARRISH, J., concur.