**Phillip Harris TIDWELL, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.**

No. 20842.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 8, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Phillip J. Barkett, Jr., Dempster, Barkett & Edwards, Sikeston, for respondent.

SHRUM, Judge.

This appeal involves judicial review of the administrative revocation of the driving privileges of Phillip Harris Tidwell (Tidwell) under §§ 302.500–.540,[1] for driving with a blood alcohol content of at least .10% by weight. After a trial de novo the trial court ordered reinstatement of Tidwell's driving privileges. The Director of Revenue (Director) appeals. The judgment is reversed and we order the reinstatement of Director's revocation of Tidwell's driving privileges.

On June 25, 1995, Tidwell was arrested for driving while intoxicated by Officer Michael Williams of the Sikeston police department. The following summarizes Officer Williams' testimony at the de novo trial. He had been a "public safety officer" for Sikeston for two and one-half years, had gone through "the

---

1. All references to statutes are to RSMo 1994, unless otherwise indicated.

academy," and was "590 certified." Early on the morning of June 25, 1995, Williams was dispatched to investigate a motor vehicle accident. When Williams arrived on the accident scene, he spoke with Tidwell, who identified himself as the driver of one of the vehicles involved. Concerning his observations of Tidwell, Williams testified that Tidwell's "balance was a little unstable[,]" there was a "slight odor . . . of alcoholic beverage" about him, his speech was "somewhat slurred[,]" and his eyes were "watery and bloodshot." Williams then instructed Tidwell on certain field sobriety tests that he wanted Tidwell to perform. Tidwell attempted to perform the tests as directed, but failed in all endeavors. From the foregoing, Williams formed the opinion that Tidwell had been driving a motor vehicle while under the influence of alcoholic beverages, whereupon he arrested him for violating an ordinance of the city of Sikeston. Officer Williams took Tidwell to the Sikeston police department, where a breath analysis was performed utilizing an "Intoxilyzer 5000." After Williams performed "each and every one of the steps in [the] checklist[,]" he directed Tidwell to blow into the breathalyzer and Tidwell complied with such request. Once the breathalyzer test procedure was completed, the print-out recorded Tidwell's test result as .17%.

After the foregoing testimony was elicited without objection, Director attempted to have admitted into evidence these exhibits: "A," ordinance of city of Sikeston; "B," breathalyzer check-off list and implied consent form; "C," breathalyzer print-out, "D," affidavit regarding routine "maintenance report" on breathalyzer machine; and "E," unidentified Department of Revenue records. When the exhibits were first offered, Tidwell's counsel objected to their admission on various grounds. Initially, the trial judge announced he would rule on the admissibility of the exhibits after the cross-examination of Officer Williams. However, when the questioning of Williams ended, Director rested without re-offering Exhibits A–E. Consequently, the exhibits were not received in evidence and Director never procured a ruling on their admissibility. The trial court then entered its judgment, without findings of fact or conclusions of law, in which it set aside Director's decision to suspend Tidwell's license and ordered Director to reinstate Tidwell's driving privileges. This appeal by Director followed.

In her single point, Director maintains that the trial court erred in setting aside the revocation of Tidwell's driver's license. Director contends that Tidwell was properly subject to revocation because "uncontroverted evidence" adduced by Director established all elements of an administrative driver's license revocation under §§ 302.500–.540. This court agrees.

■ When reviewing the revocation or suspension of a driver's license pursuant to the administrative D.W.I. law, §§ 302.500–.540, the trial court must ordinarily determine only the following: (1) whether the person was arrested; (2) whether the arresting officer had probable cause for the arrest; and (3) whether the person's blood alcohol content was at least .10% by weight. §§ 302.505 and .535; *Gleason v. Director of Revenue*, 859 S.W.2d 189, 190[1] (Mo.App. 1993). If the arrest is by a non-elected law enforcement officer for violation of county or municipal ordinance, § 302.510.3 requires that the trial court make the further finding that the arresting officer has been certified by the director of the Missouri Department of Public Safety pursuant to the provisions of §§ 590.100–.150.

■ When a breathalyzer test is the method used to establish a prima facie case on the blood-alcohol content issue, the proponent for its admission usually has to meet all foundational prerequisites to its admission. *Thomas v. Director of Revenue*, 875 S.W.2d 582, 583 (Mo.App.1994). Thus, when timely objection is made to the admission of the test result, the proponent must establish the following: (1) that a maintenance check has been performed on the breathalyzer machine within 35 days before the test, (2) that the test was performed by following approved techniques and methods of the Division of Health, (3) that the operator held a valid permit, and (4) that the equipment and devices used were approved by the Division of Health. *Id.* at 583[1–3]

■ Contrarily, proof of such foundational facts is wholly unnecessary where the test result is admitted in evidence without objection. *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo.banc 1995); *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 341 (Mo.banc 1992). "When evidence of one of the issues in the case is admitted without objection, the party against whom it is offered waives any objection to the evidence, and it may be properly considered even if the evidence would have been excluded upon a proper objection." *Reinert*, 894 S.W.2d at 164[2].

■ Here, as in most court-tried civil cases, the scope of our review is that of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); namely, we will affirm the decision of the trial court unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declared or misapplied the law. *Hampton v. Director of Revenue*, 890 S.W.2d 364, 366 (Mo.App.1994). Nevertheless, such standard does not permit this court to affirm the judgment of the trial court by merely disregarding all uncontradicted evidence that supports Director's contention that all elements for an administrative revocation of Tidwell's license were proven. *See Epperson v. Director of Revenue*, 841 S.W.2d 252, 254 (Mo.App.1992).

■ With the foregoing principles to guide us, we consider Tidwell's argument that the judgment must be affirmed because this Court must assume that all fact issues upon which no specific findings were made were found in accordance with the result reached. As we understand it, Tidwell contends that the trial court must have concluded that the arresting officer's testimony lacked credibility on some essential issues, and that we must defer to the findings of the trial court where the credibility of a witness is involved.

Similar arguments were made and rejected in *Epperson* and *Reinert*. Here, Officer Williams unequivocally and without objection identified Tidwell as the driver and the person he arrested. The testimony of the arresting officer concerning probable cause for arresting Tidwell, which came in without objection or contradiction, clearly established that he had probable cause to arrest Tidwell. Officer Williams was also allowed to testify, without objection, that Tidwell's blood alcohol content was .17%. Finally, Officer Williams testified that he had been certified by the director of the Missouri Department of Public Safety pursuant to §§ 590.100–.150. Officer Williams was the only witness at trial; Tidwell did not offer any evidence. Because the record does not support findings that Director failed to prove any element of its prima facie case, the judgment cannot be affirmed on the basis Tidwell urges. *See Reinert*, 894 S.W.2d at 164.

■ We do not ignore Tidwell's reliance on several factual issues which he contends support the judgment. He avers that (a) Officer Williams was not certified to administer the breathalyzer test at the time of the arrest; (b) Officer Williams did not ask Tidwell about his use of tobacco products; and (c) the various documentary exhibits offered by Director were never admitted into evidence. All these factual issues are red herrings, given the fact that the test result was admitted into evidence without objection by virtue of Officer Williams' testimony. Except for the municipal ordinance exhibit, all unadmitted exhibits concern foundational prerequisites for the admission of breathalyzer test results, as can be seen from our discussion of *Thomas, supra*. As we have already said, these foundational prerequisites are unnecessary where the test result was admitted into evidence without objection, as was the case here. *See Reinert*, 894 S.W.2d at 164; *Sellenriek*, 826 S.W.2d at 341.

■ As to the ordinance, its admission was not necessary in this case. Without contradiction or objection, Officer Williams testified that he arrested Tidwell for violation of an ordinance of the city of Sikeston. This court has previously held that when judicially reviewing the administrative revocation of a driver's license, it is irrelevant whether the arrest was valid. *Sullins v. Director of Revenue*, 893 S.W.2d 848, 850[3] (Mo.App.1995). As the administrative revocation of Tidwell's driver's license is a civil proceeding, the Fourth Amendment's exclusionary rule is inapplicable. *Id.* Consequently, whether Tid-

well's arrest was valid as being pursuant to an existing ordinance is not a fact Director had to prove.

Here, there was uncontroverted evidence that established a prima facie case, specifically that (1) Tidwell was arrested, (2) Officer Williams, an employee of a municipality, was certified pursuant to Chapter 590, (3) Officer Williams had probable cause to make the arrest, and (4) Tidwell was driving with a blood alcohol content of 0.10% or more. Director carried her burden and Tidwell offered nothing in rebuttal. Accordingly, there was no evidence to support the trial court's judgment and it was against the weight of the evidence. *See, e.g., Epperson,* 841 S.W.2d at 255.

Since Rule 84.14 authorizes us to "give such judgment as the court ought to give," we reverse the judgment of the trial court and reinstate Director's revocation of Tidwell's driving privileges.

CROW, P.J., and PARRISH, J., concur.