Charles E. SHERROD, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.

No. 21029.

Missouri Court of Appeals, Southern District, Division One.

Jan. 15, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Mo. Dept. of Revenue, for appellant.

No appearances for respondent.

PER CURIAM.

The Director of Revenue (Director) appeals the decision of the trial court reinstating the driving privileges of Charles E. Sherrod (Petitioner) after an administrative suspension of such privileges pursuant to § 302.505.[1]

Petitioner was arrested upon probable cause for driving while intoxicated on January 9, 1996. The Director notified Petitioner that his driving privileges were being suspended pursuant to § 302.500, *et seq.* The decision was upheld at a subsequent administrative hearing and on March 6, 1996, Petitioner filed a petition for a trial *de novo* in the circuit court of Stoddard county, pursuant to § 302.535.

The trial *de novo* was held on April 24, 1996. The parties stipulated to the admissibility of the Director's records. Among the records admitted without objection were copies of the ticket issued to Petitioner, the Alcohol Influence Report, the BAC DataMaster Evidence Ticket demonstrating that Petitioner had a blood alcohol content (BAC) of .13% by weight, and a DataMaster Maintenance Report.

The trial court entered a judgment setting aside the suspension of Petitioner's license. In support of its decision, the trial court stated that the maintenance report listed the serial number for the breath analyzer as 94158 while the evidence ticket from the machine and the operational checklist listed the serial number as 940158. The trial court stated that the Director had failed to meet her burden of proving that the machine used to test Petitioner's BAC had been maintained according to the requirements of 19 C.S.R. 20–30.031(3). We reverse and remand.

■ Our review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976); *see also Von Filer v. Director of Revenue,* 893 S.W.2d 850, 852 (Mo.App.1995). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or unless it erroneously declares or applies the law. *Tidwell v. Director of Revenue,* 931 S.W.2d 488, 491 (Mo.App.1996); *Covington v. Director of Revenue,* 903 S.W.2d 673, 674 (Mo.App.1995).

■ Petitioner has filed no brief. While there is no penalty for that omission, we must adjudicate Director's claim of error without the benefit of whatever argument, if any, Petitioner could have made in response to it. *Fitzgerald v. Director of Revenue,* 922 S.W.2d 478, 479 n. 3 (Mo.App.1996).

■ As a general rule, when a timely objection is made to the admission of a breathalyzer test result, the proponent for its admission usually has to meet all foundational prerequisites to its admission.[2] *Tidwell,*

---

1. All statutory references are to RSMo 1994.

2. These foundational prerequisites include the following: (1) that a maintenance check has been performed on the breathalyzer machine within 35 days before the test, (2) that the test was performed by following approved techniques and methods of the Division of Health, (3) that the operator held a valid permit, and (4) that the equipment and devices used were approved by

931 S.W.2d at 490. However, the foundational prerequisites are unnecessary where the test result is admitted in evidence without objection or by stipulation. *Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995); *Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 341 (Mo. banc 1992). " 'When evidence of one of the issues in the case is admitted without objection, the party against whom it is offered waives any objection to the evidence, and it may be properly considered even if the evidence would have been excluded upon a proper objection.' " *Tidwell,* 931 S.W.2d at 491; *see also Canania v. Director of Revenue,* 918 S.W.2d 310, 313 (Mo.App.1996).

█ In the case at bar, all of the Director's evidence was admitted in evidence by stipulation. By failing to object, Petitioner waived any issue regarding the maintenance of the breathalyzer machine or the result of the breathalyzer test. In reinstating Respondent's license the trial court misapplied the law.

The judgment of the trial court is reversed and the cause remanded for the trial court to enter a judgment reinstating Petitioner's suspension.