Angela KIENZLE, Petitioner–
Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Respondent–Appellant.

No. 21268.

Missouri Court of Appeals,
Southern District,
Division One.

May 1, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, Julia Hosmer, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

Cobb Young, Joplin, for respondent.

BARNEY, Presiding Judge.

The Director of Revenue (Director) appeals the decision of the trial court reinstating the driving privileges of Angela Kienzle (Respondent) after an administrative suspension of her privileges pursuant to § 302.505.[1]

■ The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Sherrod v. Director of Revenue,* 937 S.W.2d 751, 752 (Mo.App.1997).

At the trial *de novo,* Corporal Michael Hobson was called as a witness. He testified that on November 23, 1995, at 3:27 A.M., he observed Respondent's vehicle weaving within its lane of traffic. He followed the vehicle and noticed that the left taillight was broken. He testified that "I stopped her for the taillight; but the weaving in the lane, I felt that she possibly could have been drinking." Corporal Hobson then stopped the car. Respondent pulled over on the left side of a one-way street. He asked Respondent for her license, and she replied that she needed to exit the car as her license was in the backseat. Corporal Hobson testified that

when Respondent exited the vehicle she shut the car [door] behind her and as she turned to go to the back door to get into the vehicle, she fell back against the vehicle. It was at this time that Corporal Hobson smelled the odor of intoxicants. Corporal Hobson also testified that Respondent freely admitted that she had been drinking vodka that evening and that he had smelled the odor of intoxicants, although the officer also acknowledged that vodka did not have any smell to it.

Respondent testified that she had two mixed drinks with vodka that evening. She further testified that she fell against the vehicle because when she "stepped . . . onto the curb and it kind of threw [her] balance . . . ." She also testified that her right taillight had about 10% to 15% of the red cover missing and that the white light was shining through the back.

Corporal Hobson had Respondent perform three different field sobriety tests, all of which she failed. At that time she was placed under arrest for driving while intoxicated. At the police station, Corporal Hobson noted in his report that her speech was slurred.

■ A suspension of driving privileges pursuant to § 302.505 requires a two-part showing: (1) that the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and (2) that the driver had been driving at a time when his or her blood alcohol concentration was at least .10% by weight. *Brandom v. Director of Revenue,* 931 S.W.2d 510, 511 (Mo.App.1996). At issue in this appeal is the first of these two requirements, for it is uncontested that Respondent's blood alcohol concentration was 0.12%, in excess of the statutory requirements for suspending or revoking her license to operate an automobile.

■ The probable cause required to suspend or revoke an operator's license is the type of probable cause necessary to effectuate an arrest for the alcohol related violation. *Cook v. Director of Revenue,* 890 S.W.2d 738, 739 (Mo.App.1995). "[P]robable cause . . .

1. All statutory references are to RSMo 1994.

exists when the officer observes a traffic violation or unusual operation of a vehicle and, upon stopping the motorist, notes indications of alcohol consumption." *Renfro v. Director of Revenue,* 927 S.W.2d 945, 947 (Mo.App.1996); *Johnson,* 920 S.W.2d at 131. Probable cause exists when the facts and circumstances would warrant a person of reasonable caution to believe that an alcohol related offense has been or is being committed. *Johnson,* 920 S.W.2d at 132. This determination must be made in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer. *Id.*

▮▮▮ Respondent asserts that in addition to demonstrating that there was probable cause to believe that Respondent was driving while intoxicated, the Director must also prove that probable cause existed for the initial traffic stop. However, this Court has stated that "[s]uch proof [is] not necessary since [the Director] does not have a burden of showing the lawfulness of or probable cause for a stop in order to revoke or suspend operating privileges for driving while intoxicated." *Brandom,* 931 S.W.2d at 511. Indeed, "when judicially reviewing the administrative revocation of a driver's license, it is irrelevant whether the arrest was valid." *Tidwell v. Director of Revenue,* 931 S.W.2d 488, 491 (Mo.App.1996).

Respondent argues that because the trial court made no findings of fact or conclusions of law, it did not find Corporal Hobson's testimony to be credible.

▮▮▮ It is true that Rule 73.01(a)(3) provides that "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." However, "[d]eference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict." *Renfro,* 927 S.W.2d at 948; *Fischer v. Director of Revenue,* 928 S.W.2d 424, 425–26 (Mo.App. 1996). Our standard of review "does not permit this court to affirm the judgment of the trial court by merely disregarding all uncontradicted evidence that supports Director's contention that all elements for an administrative revocation of [Respondent's]

license were proven." *Tidwell,* 931 S.W.2d at 491.

In the instant case, however, there was evidence that Corporal Hobson was justified in stopping Respondent. Respondent was observed weaving within her lane of traffic at 3:27 in the morning. Her vehicle had a broken right taillight, with the "white light" shining through, an apparent violation of § 307.075. Considering the foregoing, this would lead a prudent, cautious and trained police officer to investigate the behavior. Once stopped, Respondent freely admitted she had been drinking vodka that evening. For whatever reason she gave at trial, she fell against the vehicle as she attempted to enter it to retrieve her license, and she failed all three of the field sobriety tests that were administered. At the station, the police officer noted that her speech was slurred. Respondent's blood alcohol concentration registered 0.12 percent.

The evidence established that Respondent was arrested upon probable cause that she was operating a vehicle while intoxicated.

The judgment of the trial court is reversed. The case is remanded to the trial court with directions to enter a judgment reinstating the suspension of Respondent's driving privileges. *Tidwell,* 931 S.W.2d at 492.

GARRISON and PREWITT, JJ., concur.