**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant,**

v.

**Bryan D. CHRISTMAN, Respondent.**

**No. 72709.**

Missouri Court of Appeals, Eastern District, Division Two.

May 5, 1998.

Cornelius T. Lane, Jr., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Denise Garrison McElvein, Asst. Atty. Gen., St. Louis, for respondent.

RHODES RUSSELL, Judge.

The Director of Revenue (Director) appeals from the trial court's judgment reinstating motorist's driving privileges after a trial *de novo*. We reverse in that there was sufficient evidence to establish that motorist's age was under twenty-one years at the time of his arrest.

The facts are not in dispute. On September 8, 1996, a police officer stopped motorist in St. Louis County for failing to stop at a stop sign. Motorist handed the officer his driver's license. The officer noticed that the date of birth on motorist's driver's license had been tampered with. Motorist told the officer that one of his friends had altered the license during spring break to make him twenty-one.

The police officer smelled the odor of an alcoholic beverage on motorist's breath. The officer asked motorist whether he had anything to drink and he told the officer that he had consumed six beers. Motorist was given a series of field sobriety tests, which he failed. The officer arrested him for running a stop sign, possessing an altered driver's license, and driving while intoxicated.

After his arrival at the police station, motorist's blood alcohol test revealed a level of .067. Pursuant to section 302.505 RSMo Cum.Supp. 1996, the Director suspended his driving privileges for thirty days. A period of sixty days of limited driving privileges followed the thirty-day suspension. Pursuant to section 302.530 RSMo Cum.Supp. 1996, motorist requested an administrative review of the suspension of his driving privileges. The Director affirmed her earlier decision to suspend his license.

Motorist filed an application for a trial *de novo* in the St. Louis County Circuit Court. He alleged that there was no legally admissible evidence to show that he was arrested upon probable cause to believe he was operating his vehicle with a blood alcohol content ("BAC") of .10 percent or more by weight. The case was submitted on the record. The trial court ruled that: 1) the police officer had probable cause to arrest motorist for driving while intoxicated; 2) he did not have a BAC .10% or more by weight; and 3) there was no competent evidence that he was under twenty-one years of age. The trial court reversed the suspension of motorist's driving privilege, reinstated his driving privileges and ordered the suspension removed from his driving record. This appeal followed.

We will affirm a trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless the trial court erroneously declared or misapplied the law. *Walker v. Director of Revenue, State of Mis-*

*souri,* 922 S.W.2d 57, 58 (Mo.App.1996). We give great deference to the trial judge's determination regarding the credibility of witnesses; however, in cases submitted solely upon a written record, no such deference is warranted. *Fay v. Director of Revenue, State of Missouri,* 759 S.W.2d 879, 880 (Mo. App.1988).

In the Director's only point, she argues the trial court erred in setting aside motorist's suspension in that the evidence established that he was under twenty-one years of age at the time of the traffic stop and that he had a BAC above .02% in violation of Missouri's Zero Tolerance Law, section 302.505 RSMo Cum.Supp.1996. We agree and reverse.

■ In the present case, the court found that the arresting officer had probable cause to arrest motorist for driving while intoxicated or an alcohol-related offense. The trial court further found that he did not have a BAC of .10% or more by weight. The trial court, however, did not make a finding as to whether motorist had a BAC of .02% or more by weight because it ruled that there was no competent evidence that he was under twenty-one years of age. Thus, the only issue before us is whether there was competent evidence before the trial court that motorist was under twenty-one years of age.

All of the evidence in this case shows that motorist was born on June 7, 1977, and was nineteen years old at the time of the traffic stop.

Section 302.505.1 RSMo, Cum.Supp.1996 provides in pertinent part:

1. The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500, or where such person was *less than twenty-one years of age* when stopped and was stopped upon probable cause to believe such person was "driving while intoxicated" in violation of section 577.010, RSMo, or "driving with excessive blood alcohol content" in violation of section 577.012, RSMo, or upon probable cause to believe such person violated a state, county or municipal traffic offense and such person was driving with a blood alcohol content of two-hundredths of one percent or more by weight.

(emphasis supplied). Section 302.505.1, RSMo Cum.Supp.1996 requires that drivers under twenty-one years of age who have a blood alcohol content of .02 percent or more by weight shall have their license suspended or revoked.

The present case was submitted on the record. The Director's evidence of motorist's age consisted of the following documents: 1) a temporary driving permit issued to motorist; 2) a request for an administrative hearing; 3) a Uniform Complaint and Summons signed by motorist; 4) an Alcohol Influence Report; 5) a notice suspending motorist's driving privileges; 6) a BAC Data-Master Evidence Ticket; and 7) his Missouri Driver's Record. All seven of these documents reported that motorist's date of birth was June 7, 1977. These documents were offered into evidence as business records pursuant to section 490.692, RSMo 1994. These documents were accompanied by the notarized affidavit of the custodian of records of the Department of Revenue–DWI Division, which identified the documents and described their preparation and maintenance.

■ Section 490.680, RSMo 1994, sets out an exception to the hearsay rule. *Tebow v. Director of Revenue, State of Missouri,* 921 S.W.2d 110, 112 (Mo.App.1996). The statute mandates that courts allow, upon qualification, the admission of business records for the truth of the matter asserted. *Id.* Under section 490.692, the foundation for admitting business records may be established by an affidavit. *Cannon v. Director of Revenue, State of Missouri,* 895 S.W.2d 302, 304 (Mo. App.1995). The trial court's decision whether to admit the business records remains a discretionary determination of the trustworthiness of the records. *Tebow,* 921 S.W.2d at 113.

In this case, the Director laid a sufficient foundation by submitting the affidavit of records custodian of the Department of Reve-

nue's DWI Division. Although caution should be exercised when a suspension case is submitted on the records alone, it is not prohibited. *Id.* Because the Director laid a proper foundation for the admission of the documents, those documents constituted competent evidence as to motorist's age. The records established by a preponderance of the evidence that he was nineteen years old at the time of his traffic stop on September 8, 1996. The only reference in the record concerning a different date of birth was in the arresting officer's report. The report stated that after the arresting officer pulled motorist over for running a stop sign, he noticed that motorist possessed an altered driver's license. Motorist admitted to the arresting officer that his driver's license was altered so that it would look like he was twenty-one years old. Other than this reference, he presented no evidence to the contrary that his date of birth was not June 7, 1977. The record contained competent evidence that he was under twenty-one years of age when he was stopped by the arresting officer.

The evidence also established that motorist's BAC exceeded .02 percent. The arresting officer certified in the Blood Alcohol Test Report that the BAC test results showed that motorist's blood alcohol content was .067 percent. Since the evidence demonstrated that he was under twenty-one years of age and that his BAC was above .02 percent, the trial court erred in reinstating motorist's driving privileges and ordering the suspension removed from his driving record.

The trial court's judgment is reversed. The Director's order suspending motorist's driver's license is reinstated for a period to be determined by the Director in accordance with section 302.525, RSMo 1994.

CRANE, P.J. and JAMES R. DOWD, J., concur.