**Michael S. DELZELL, Petitioner–Respondent,**

v.

**Janette LOHMAN, Director of Revenue, Respondent–Appellant.**

**No. 22270.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 22, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., for Appellant.

No brief filed by Respondent.

JAMES K. PREWITT, Presiding Judge.

Petitioner's driver's license was suspended by the Director of Revenue, pursuant to § 302.505, RSMo Supp.1996, for driving with a blood alcohol concentration of at least .10%. Petitioner sought a trial de novo in Jasper County Circuit Court. Following the trial, the circuit court set aside the suspension. The Director appeals from that judgment.

Petitioner did not file a brief in this appeal and, while there is no penalty for such omission, it causes this Court to adjudicate the Director's claim of error without the benefit of whatever argument, if any, Petitioner could have made. *Sherrod v. Director of Revenue*, 937 S.W.2d 751, 752 (Mo.App.1997).

The evidence showed that at 6:05 p.m., on April 6, 1997, the manager of a restaurant in Joplin noticed a man sitting in the driver's seat of a car in the restaurant parking lot with the engine running. The manager determined that the car had recently arrived in the parking lot, since it was not there when she had been in front of the restaurant a few minutes earlier. The manager went outside and approached the car, where she noticed that the driver appeared to be unconscious. She shook him, but he did not respond. The manager then turned off the car, leaving the keys in the ignition, and asked her staff to call the police and an ambulance.

A Joplin police officer responded to the call. The officer found Petitioner sitting in the driver's seat of the car with the keys in the ignition, and the engine not running. The officer smelled a strong odor of an intoxicating beverage around Petitioner. When Petitioner did stand up and walk around, the officer noted that his balance was very unstable. The officer also observed a piece of a bush on the grill of the vehicle, as if the car had run over a bush. The officer then interviewed the restaurant manager, who told him what she had observed. The manager told the officer that the driver was there to pick up his wife, an employee of the restaurant, but that the employee had left an hour or two prior when he failed to arrive on time.[1]

After performing some field sobriety tests, the officer, believing that Petitioner had driven to the restaurant intoxicated, arrested him for driving while intoxicated. After the arrest, Petitioner admitted to the officer that he had driven to the restaurant after he had been drinking.

The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or the trial court has erroneously declared or applied the law. *Sherrod*, 937 S.W.2d at 752.

In reviewing a suspension of driving privileges under § 302.505, the trial court must determine: (1) whether the driver was arrested upon probable cause for violating an alcohol related offense; and, (2) whether the driver had been driving with a blood alcohol content of at least .10% by weight. *Kienzle v. Director of Revenue*, 944 S.W.2d 326, 327 (Mo.App.1997). Deference to the trial court's finding is not required when the evidence is not in conflict. *Id.* at 328. The parties in this case stipulated at trial that a breath test administered to Petitioner after his arrest showed a blood alcohol concentration of .251%. Our review, therefore, is limited to whether probable cause existed for Petitioner's arrest.

The probable cause required to suspend or revoke an operator's license is interchangeable with the probable cause necessary to execute an arrest for the alcohol related violation. *Kienzle*, 944 S.W.2d at 327. Probable cause exists when the facts and circumstances would warrant a person of reasonable caution to believe that an alcohol related offense has been committed. *Id.* at 328. "This determination must be made in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer." *Id.*

■ An arresting officer does not need to see a person driving to arrest for driving while intoxicated. Circumstantial evidence can supply the elements of "driving," and "while" when driving is not observed and the engine is not running. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 243 (Mo.App.1992). In cases such as the instant one, where the officer did not observe the engine running, significant additional evidence of driving and the connection of driving while intoxicated must be shown. *Id.*

■ In this case, significant additional evidence was presented by the Director to establish probable cause for Respondent's arrest. Respondent was sitting in the driver's seat when the officer arrived on the scene, and the keys were in the ignition. The officer was advised that the car had been sitting in the parking lot for only a few minutes when the restaurant manager first saw the car with Respondent unconscious in the driver's seat and, at that time, the engine was

1. The statement that the employee left when her husband failed to pick her up from work was objected to at trial. The objection, however, was not sustained.

running.  Evidence of this type has been sufficient in previous cases to support convictions for driving while intoxicated.  *See Wilcox,* 842 S.W.2d at 243.

The judgment is reversed, and the cause remanded to the trial court and it is directed to enter judgment denying Petitioner the relief sought.

CROW, J., and PARRISH, J., concur.