McLean R. MIDDLETON, Defendant–Respondent,

v.

DIRECTOR OF REVENUE, Plaintiff–Appellant.

No. 22463.

Missouri Court of Appeals, Southern District, Division Two.

May 13, 1999.

**905**

Jeremiah W. (Jay) Nixon, Att. Gen., and Evan J. Buchheim, Asst. Att. Gen., Jefferson City, for Appellant.

Robert E. Childress, Springfield, for Respondent.

ROBERT S. BARNEY, Judge.

The Director of Revenue (Director) appeals the circuit court's order restoring the driving privileges of McLean R. Middleton (Driver) after they had been revoked under the administrative revocation provision of section 302.505.1.[1]

---

1. Statutory references are to RSMo Cum. Supp.1997, unless otherwise indicated.

2. At trial, Driver testified that his date of birth was September 30, 1980.

Driver's revocation had been sustained after an administrative hearing and Driver filed a petition for trial de novo in circuit court, pursuant to section 302.535. After a hearing, the circuit court restored Driver's driving privileges. The "Judgment Order" recited that "[Director] failed his [sic] burden to establish that [Driver] tested .10% or more of blood alcohol content at the time of operation of a motor vehicle." Director raises two points of trial court error, discussed below.

The uncontroverted evidence shows that Driver was stopped for speeding by a Missouri State Highway trooper at 1:20 a.m. on October 18, 1997. The trooper smelled a strong odor of intoxicants about Driver and noted that Driver's eyes were glassy and bloodshot, that his speech was slurred and mumbling, and that his balance was swayed. Driver admitted drinking vodka that evening.

The trooper asked Driver to perform various field sobriety tests including the horizontal gaze nystagmus test, the alphabet test and the backward counting test. Driver failed each test. He was not asked to perform other tests because he and the trooper were stopped on a hill. Believing Driver to be intoxicated, the trooper arrested Driver at 1:35 a.m. Subsequently, a breath test administered to Driver at 2:02 a.m. showed he had a blood alcohol concentration of .10%. At the time of the arrest, Driver was 17 years old.[2]

At trial, the parties stipulated to the admissibility of that portion of the trooper's alcohol influence report which recited the reasons for trooper stopping Driver and Driver's failure of the field sobriety tests. Additionally, the parties agreed that the breath test administered to Driver showed a blood alcohol content by weight at .10%.[3]

---

3. We note the maintenance of the breath test machine was not an issue at trial. "[T]he foundational prerequisites are unnecessary where the test result is admitted in evidence without objection or by stipulation." *Sherrod v. Director of Revenue*, 937 S.W.2d 751, 753 (Mo.App.1997); *see also Reinert v. Director of*

Much of the contested evidence at trial centered around whether Driver's blood alcohol content, *at the time he was operating a motor vehicle and was stopped by the trooper,* exceeded the legal limit of .10%. Driver testified that he weighed 150 pounds. He stated that before his arrest that morning he had drunk three vodka slushes, each containing approximately 2 ounces of vodka, at ll:00 p.m., 11:40 p.m. and at 12:10 a.m., which he finished at 12:45 a.m. He then presented an expert witness who estimated that Driver's blood alcohol level was between .083% and .093% when trooper stopped Driver at 1:20 a.m. Therefore, Driver argued that despite his alcohol content registering .10% at the time trooper administered the breath analysis test at 2:02 a.m., at the time he was operating his motor vehicle and stopped by the trooper, Driver was not in violation of the provisions of section 302.505.1.[4]

In closing argument, Director argued that even if the trial court did not accept Director's evidence that Driver was operating a motor vehicle with a blood alcohol content of .10%, Driver was, nevertheless, in violation of the provisions of sections 302.505—.510. Director maintained that the evidence clearly showed that Driver was under the age of 21 and was operating his motor vehicle with a blood alcohol content between .02% and .099%. The trial court, however, rejected Director's contentions stating "that's not an issue in this case."

In her first point of trial court error, Director asserts that the trial court erred in setting aside the suspension of Driver's driving privileges under section 302.505 because Director had proven that the trooper had probable cause to arrest Driver for driving while intoxicated with a blood alcohol level of .10%. Director argues that the formula employed by Driver's expert witness was faulty because it was based on variables that could not, with any degree of scientific certainty, determine what Driver's blood alcohol content was at any specific time. In her second point, Director asseverates that the trial court erred because Director had proven that Driver (a) was 17 years old; (b) was stopped upon probable cause to believe that he was speeding; and (c) his blood alcohol content was more than .02%. Director's second point has merit and is dispositive.[5]

The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Kienzle v. Director of Revenue,* 944 S.W.2d 326, 327 (Mo.App.1997).

Section 302.505.1 provides in pertinent part:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500, or where such person was less than twenty-one years of age when stopped and was stopped upon probable cause to believe such person was driving while intoxicated in violation of section 577.010, RSMo, or driving with excessive blood alcohol content in violation of section 577.012, RSMo, or upon probable cause to believe such person violated a state, county or municipal traffic offense and such person was driving with a blood alcohol

---

*Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995); *Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 341 (Mo. banc 1992).

4. Director's expert testified that a person's blood alcohol content at any given time could not be determined within a reasonable degree

of scientific certainty using the formula employed by Driver's expert witness.

5. Director's Point One is, therefore, moot and is not addressed.

content of two-hundredths of one percent or more by weight. § 302.505.1.

Here, the evidence clearly shows that the trooper had probable cause to arrest Driver for committing an alcohol related offense. Probable cause exists when an officer observes a traffic violation or unusual operation of a vehicle and, upon stopping the motorist, notes indications of alcohol consumption. *Kienzle,* 944 S.W.2d at 327–28; *Renfro v. Director of Revenue,* 927 S.W.2d 945, 947 (Mo.App.1996). Trooper testified that Driver was stopped for speeding. At the scene, trooper smelled a strong odor of intoxicant about Driver and noted that his eyes were glassy and bloodshot, and that his speech was slurred. Driver admitted drinking Vodka that evening. He failed three sobriety tests.

Additionally, "Section 302.505.1, RSMo Cum.Supp. [1997,] requires that drivers under twenty-one years of age who have a blood alcohol content of .02 percent or more by weight shall have their license suspended or revoked." *Director of Revenue v. Christman,* 968 S.W.2d 737, 739 (Mo.App.1998). It was undisputed that Driver was under the age of 21 and was operating his motor vehicle with a blood alcohol content in excess of .02%.

The record further shows that in Driver's "Petition," requesting a trial *de novo* pursuant to section 302.535, he states that he was "aggrieved by a decision of [Director], Exhibit 'A' attached hereto." Exhibit "A" was a Missouri Department of Revenue form entitled "Findings of Fact and Conclusions of Law (Sustain)." It contained a section denominated "Conclusions of Law," which reads, in pertinent part, as follows:

> Based upon the preponderance of the evidence presented at the administrative hearing, [Driver] is found to have been arrested upon probable cause to believe [Driver] was driving a motor vehicle while the alcohol concentration in the

blood was .10% or more by weight or *if under age twenty-one, was operating with a blood alcohol content of .02 to .099%,* and the Notice of Suspension/Revocation was therefore properly issued to or served upon Petitioner pursuant to Section 302.515 or 302.520, RSMo. (Emphasis added.)

The question of whether Driver, a minor, was operating a motor vehicle with a blood alcohol content in excess of .02%, was an issue in the case and was injected by Driver's own petition. Section 302.505.1 clearly expresses a legislative intent proscribing minors from operating a motor vehicle with a blood alcohol content in excess of .02%. § 302.505.1; *see Christman,* 968 S.W.2d at 739. "Our standard of review does not permit this court to affirm the judgment of the trial court by merely disregarding all uncontradicted evidence that supports Director's contention that all elements for an administrative revocation of [Driver's] license were proven." *Kienzle,* 944 S.W.2d at 328. "Deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict." *Fischer v. Director of Revenue,* 928 S.W.2d 424, 425–26 (Mo.App.1996). The trial court erred as a matter of law. Its judgment was not supported by substantial evidence.

The judgment of the trial court is reversed. The case is remanded to the trial court with directions to enter a judgment reinstating the suspension of Driver's driving privileges. *Id.*

GARRISON, C.J., SHRUM, J., concur.