**James WELCH, Plaintiff–Respondent**

v.

**DIRECTOR OF REVENUE,**
**Defendant–Appellant.**

**No. 22728.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 28, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

No appearance for respondent.

JOHN E. PARRISH, Judge.

This is an appeal of a judgment reinstating the driving privileges of James Welch (plaintiff) following suspension or revocation by the Director of Revenue (the director) pursuant to § 302.505.1, RSMo Cum.Supp.1997. The director contends the trial court's judgment setting aside the suspension or revocation of plaintiff's driving privileges was against the weight of the evidence; that the arresting officer had probable cause to arrest plaintiff for driving while intoxicated, and plaintiff's blood alcohol content exceeded .10%. The judgment is reversed. The case is remanded with directions.

The director's evidence at trial consisted of certified copies of records of the Department of Revenue and certified copies of records of the Breath Analyzer Program of the Missouri Department of Health. Plaintiff's evidence consisted of two photographs of the gravel road where he was

stopped. No testimony was presented by either party.

The records of the Department of Revenue, admitted in evidence without objection, include a copy of an alcohol influence report submitted by the highway patrol officer who arrested plaintiff. The report describes plaintiff's appearance at the time he was stopped. In addition to describing his size and manner of dress, the report includes other observations. The following observations are disclosed by check marks on a printed form:

| | |
|---|---|
| Breath | Odor of alcoholic beverage: strong |
| Eyes | Watery, Bloodshot |
| Balance | Fair |
| Walking | Fair |
| Turning | Fair |
| Speech | Coherent |
| Clothing | Neat |
| Attitude | Polite, Indifferent |
| Ability to follow inst. | Good |

A section of the report is designated "INTERVIEW (RECORD ARRESTED PERSON'S RESPONSES)." It includes questions followed by boxes for checking "yes" or "no." The question, "Were you operating the vehicle?," is checked, "Yes." "Are you under the influence of an alcoholic beverage now?," is checked, "Yes." "Have you been drinking?," is checked, "Yes."

The report indicates a breath test was administered using a "Data Master" machine. It includes a printed box for recording "blood alcohol concentration by weight." The number ".151%" is written in that box.

The report includes the following narrative written by the arresting officer:

On 9–14–97 at approximately 1840 hours, I was east bound on County Road 406 behind a red Chevy Berretta. While behind the vehicle, I observed the driver who was identified as James D. Welch d.o.b. 4–5–66 of Salem[,] Mo., driving down the middle of the road. At the location on County Rd. 406 there is ample distance for two vehicles to meet[;] however[,] Welch was approaching a curve and driving in a manner that left no space for an on-coming vehicle. Welch was stopped and while talking with him I noticed a strong odor of intoxicants on his breath and that his eyes were watery and bloodshot. Welch was given several sobriety tests through which it was determined that he was intoxicated. Welch was taken to the Dent Co. sheriff's office where he checked a .151% B.A.C. on the Datamaster.

"A suspension of driving privileges pursuant to § 302.505 [RSMo 1994 [1]] requires a two-part showing: (1) that the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and (2) that the driver had been driving at a time when his or her blood alcohol concentration was at least .10% by weight." *Kienzle v. Director of Revenue,* 944 S.W.2d 326, 327 (Mo.App. 1997).

The report was in evidence. It was uncontroverted. It revealed that the arresting officer had probable cause to believe plaintiff was driving in violation of an alcohol-related offense and that, at the time he was driving, his blood alcohol concentration was at least .10% by weight.

The director's argument that the judgment was against the weight of the evidence is well taken. The judgment is reversed. The case is remanded with directions that the trial court enter judgment sustaining the order suspending or revoking plaintiff's driving privileges.

CROW, P.J., and SHRUM, J., concur.

1. The requirements of § 302.505, RSMo Cum. Supp.1997, for suspension or revocation of a person's driving privileges remain the same as the requirements specified in the 1994 revision of the statute.