Sandy P. MORRIS, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 24080.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 20, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Patrick M. O'Leary, Asst. Atty. Gen., Jefferson City, MO, for Appellant.

Michael Baker, Springfield, MO, for Respondent.

JOHN E. PARRISH, Judge.

The Director of Revenue (the director) appeals a judgment setting aside the suspension of Sandy P. Morris's (petitioner) motor vehicle operator's license. The director suspended petitioner's license, pursuant to § 302.505,[1] following his May 19, 1999, arrest for driving while intoxicated. A hearing was conducted as permitted by § 302.530, after which petitioner sought and obtained judicial review. *See* § 302.535. The trial court set aside the suspension of petitioner's driving privileges finding that there was not sufficient evidence to prove petitioner was operating the motor vehicle in question. This court affirms.

 This was a nonjury case. It is reviewed in accordance with Rule 84.13(d). The decision of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Cox v. Director of Revenue,* 37 S.W.3d 304, 306 (Mo.App.2000). This court defers to the trial court on factual issues. *Hawk v. Director of Revenue,* 943 S.W.2d 18, 20 (Mo.App.1997). It does not substitute its judgment for that of the trial judge with respect to factual determinations or credibility of witnesses. *Id.*

Petitioner was arrested for driving while intoxicated after a pickup truck he owned struck two cars on a parking lot at a bar and later, at another location, struck the corner of an apartment building. A breathalyzer test was administered. The test disclosed petitioner had .229 of one percent blood-alcohol content. The arresting officer submitted his report to the director as required by § 302.510. On the basis of that report, the director determined there was probable cause to believe

---

1. References to statutes are to RSMo Cum. Supp.1999.

petitioner was driving a motor vehicle while having a blood-alcohol concentration of .10 of one percent or more and, pursuant to § 302.505.1, suspended petitioner's driving privilege.

The night of petitioner's arrest, he was seen getting into his pickup while it was on the parking lot where the first incident occurred. The person who saw petitioner get in his pickup did not see him drive off in the vehicle. He returned to the bar. The accident occurred about 10 minutes later.

Two residents of the building that was later struck by petitioner's pickup, Russell Jones and Bryan Worthey, told police they were inside the building when they heard the sound of the crash. Both went outside. Mr. Jones saw the vehicle smoking. A corner of one of the buildings in the apartment complex was gone. Mr. Jones saw a man running across the parking lot into the street. He did not chase the man.

Mr. Worthey walked to the pickup. It was in the grass next to the building. The vehicle was smoking. Mr. Worthey saw someone running across the street toward another building. The man running was petitioner. Mr. Worthey ran after him and brought him back to where the accident occurred.

A Springfield police officer, Danton Letterman, investigated the accidents. He talked to Mr. Jones and Mr. Worthey at the apartment complex. He arrested petitioner for drunk driving. Officer Letterman asked petitioner if he was driving the vehicle. Petitioner told him he was not driving the pickup; that someone else was. Officer Letterman told the trial court, "First, he said no, and then I asked him if he was wearing his seat belt when he was driving, and he said yes."

Petitioner testified. He was called as a witness for the director. He was asked if his vehicle was involved in the accidents in question. Petitioner said it was; that he had no idea who was driving. He did not remember when whoever had been driving got in the vehicle with him. He was asked on cross-examination if he was driving the vehicle. He answered, "No."

The director argued at trial that all that had to be shown for the driving privilege suspension to be upheld was that the arresting officer had probable cause to believe petitioner was driving while the alcohol concentration in his blood was .10 of one percent. The director contended that so long as the arresting officer had probable cause to believe petitioner had been driving a vehicle while petitioner had a blood-alcohol concentration of .10 of one per cent or more, it was not necessary to show petitioner had actually been driving the vehicle. The trial court held that absent a showing that petitioner was driving the vehicle, the suspension would be set aside.

The trial court made the following findings and entered the following order:

Upon due consideration of the evidence, the Court finds by a preponderance of the evidence that Petitioner was arrested upon probable cause to believe that he had committed an alcohol-related traffic offense, on May 19, 1999, in Greene County, Missouri, and that a chemical test of Petitioner's breath revealed a blood-alcohol content of .10% or more by weight. The Court does not find by a preponderance of the evidence that the Petitioner was, in fact, operating a motor vehicle on the above date and therefore, the suspension of Petitioner's driving privileges pursuant to § 302.505.1, RSMo, should be and is hereby set aside.

The director presents one point on appeal. The director argues the trial court erred in setting aside the suspension of

petitioner's driving privilege because it misinterpreted the law and its decision was against the weight of the evidence; that the suspension of petitioner's driving privilege should have been upheld because the evidence was that "1) [petitioner] was arrested; 2) the arresting officer had probable cause to believe [petitioner] was driving a vehicle while he was intoxicated; and 3) [petitioner] was driving while his blood alcohol content was 0.10% or more by weight."

■ Petitioner concedes that the arresting officer had probable cause to believe petitioner was driving his vehicle while intoxicated. However, petitioner challenges the director's claim that it was not necessary to show petitioner was driving the vehicle in order to set aside his driving privileges. This issue was addressed in *Hampton v. Director of Revenue*, 22 S.W.3d 217 (Mo.App.2000), and *House v. Director of Revenue*, 997 S.W.2d 135 (Mo. App.1999). It was determined adverse to the position the director takes in this appeal.

■ *House* explains that the "Director, in order to sustain the suspension or revocation of a license, must prove: (1) the *driver*—not someone *believed* to be the driver—was arrested on probable cause that he or she was committing an alcohol-related driving offense, and (2) the *driver*—not someone *believed* to be the driver—was driving with a blood alcohol concentration of at least .10 percent by weight." 997 S.W.2d at 139. *House* continues, "To hold otherwise would mean an individual who was not in fact driving a motor vehicle could have his or her driver's license suspended or revoked if arrested on probable cause to believe he or she was driving while his or her blood alcohol concentration was .10 percent or more by weight." *Id.*

*Hampton* suggests, "The Director's contrary argument, that a person's license may be revoked under Section 302.505 even if the Director cannot prove at a hearing that the person was in fact the driver, is thus not only contrary to common sense, but is in conflict with Section 302.530.4 and *Collins [v. Director of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985) ], which require the Director to prove at the hearing that the person was *driving* while intoxicated." 22 S.W.3d at 221.

■ The director's argument that the trial court erred in finding that there was no showing by a preponderance of evidence that petitioner was driving while his blood-alcohol content was 0.10% or more by weight fails. The trial court is free to believe none, part or all of any witness's testimony. *Herbert v. Harl*, 757 S.W.2d 585, 587 (Mo. banc 1988); *House, supra.* Here, unlike in *Cox v. Director of Revenue, supra*, and *Delzell v. Lohman*, 983 S.W.2d 633 (Mo.App.1999), cases on which the director relies, petitioner testified that someone other than him was driving. Whether the director's evidence was sufficient to overcome the weight of that testimony was a decision for the trial court to make. *House, supra.* The trial court found it did not. The judgment is affirmed.

PREWITT and RAHMEYER, JJ., concur.