Amy C. MARTISE, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 84823.

Missouri Court of Appeals, Eastern District, Division Four.

March 22, 2005.

Kimberly L. Muxlow, Jefferson City, MO, for appellant.

Joseph V. Neill, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

The Director of Revenue for the State of Missouri ("Director") appeals the judgment of the trial court reinstating Amy C. Martise's ("Driver") driving privileges after an administrative suspension. We reverse.

In the early morning of November 20, 2003, State Highway Patrol Officer Brad Hoffedets ("Officer") arrested Driver for driving while intoxicated. After Officer read Driver Missouri's implied consent law, he asked if she would submit to an alcohol breath analysis test and she agreed to do so. Officer had observed Driver for at least fifteen minutes prior to testing her breath and noticed that she did not consume anything, spit up, or vomit during the fifteen-minute period. He used a DataMaster machine to administer the breath test after following the seven steps on the DataMaster operation checklist for proper use of the DataMaster.

After Officer performed an initial breath test on Driver, he noticed that the result was incomplete because Driver was unable to continue her breath to the point that the machine would take the sample as valid. Officer asked Driver if she would submit to a second test and she complied. In order to administer the second test, Officer used a manual override function on the DataMaster. The result of the second breath analysis test indicated that Driver's blood alcohol content level was .160%.

At the hearing, the parties stipulated that Officer had probable cause to arrest Driver and that Officer holds a Type III certification as a law enforcement officer under chapter 590 [1] and 19 CSR 25–30.041. During direct examination, Officer testified regarding administration of the breath analysis tests. When Director asked him whether the second test provided him with an accurate reading as to blood alcohol level, Driver objected based on lack of foundation. On cross-examination, Driver questioned Officer's knowledge of how to use the override mechanism and whether a manual override was proper under applicable regulations. Officer replied that the regulations do not exclude the use of manual override and that he had received training in the use of the manual override mechanism. Officer further testified that, to his knowledge, use of the override function does not prevent operation of the internal checking mechanism of the machine and that the machine automatically purges a breath sample after it is taken to ensure that the machine only analyzes one sample at a time. Driver offered no evidence.

The trial court admitted Director's exhibits into evidence, including the Data-Master tickets containing the results of the breath analysis tests, without objection.

In its judgment, the trial court explained that it reinstated Driver's driving privileges because it found that the result of the breathalyzer test was unreliable and inadmissible because Officer used the override mechanism. This appeal follows.

■ We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 545

(Mo. banc 2003) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). We defer to the trial court's determination of credibility. *Id.* However, this standard does not permit us to affirm the judgment of the trial court by merely disregarding all uncontradicted evidence supporting a prima facie case that a driver's driving privileges should be revoked. *Tidwell v. Director of Revenue*, 931 S.W.2d 488, 491 (Mo.App.1996).

■ In Director's sole point on appeal, Director argues that the trial court erred in setting aside the suspension of Driver's driving privileges because Director established a prima facie case under section 302.505, which Driver did not rebut. In particular, Director points out that Driver did not object to the admission of Officer's test results indicating Driver's blood alcohol content to be .16% and offered no evidence to call the tests results into question.[2]

■ To support a revocation or suspension of a driver's license, Director must establish the following elements: (1) that Driver was arrested upon probable cause for violating an alcohol-related offense; and (2) that Driver's blood alcohol concentration exceeded the legal limit of .08%. Section 302.505.1 (RSMo Supp.2004). Once Director has established by a preponderance of evidence that both elements are met, Driver is then entitled to produce rebuttal evidence that raises a genuine issue of fact regarding the validity of the blood alcohol test results. *Verdoorn*, 119 S.W.3d at 546.

■ Since the parties stipulated that Driver was arrested upon probable cause, Director was only required to establish by a preponderance of evidence that Driver's

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

2. Driver did not file a brief in response.

blood alcohol concentration exceeded the legal limit of .08%. When a breathalyzer test is the method used to establish a prima facie case on blood alcohol content, the proponent for its admission usually has to meet all foundational prerequisites to its admission. *Krieger v. Director of Revenue*, 14 S.W.3d 697, 701 (Mo.App.2000). These foundational requirements consist of the following: (1) the test was performed by following approved techniques and methods of the Division of Health; (2) the operator held a valid permit; and (3) the equipment and devices were approved by the Division of Health. *Id.* However, foundational prerequisites are unnecessary where a test result is admitted into evidence without objection. *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo.App.1995). When evidence of one of the issues in a case is admitted without objection, the party against whom it is offered waives any objection to the evidence, and it may be properly considered even if the evidence would have been excluded upon a proper objection. *Id.*

Here, the trial court reinstated Driver's driving privileges because "[r]esult of breathalyzer found to be unreliable and inadmissible because officer pressed override function." Based on this reasoning, it is apparent that the trial court failed to consider the results of Driver's blood alcohol test because it lacked foundation. However, since Driver did not object to the admission of the test result, the trial court erred in refusing to consider the evidence. *Reinert,* 894 S.W.2d at 164.

Our conclusion in this case is supported by the court's decision in *Tidwell, supra.* In *Tidwell,* the trial court reinstated the driver's privileges after a trial during which the arresting officer testified without objection that the driver's blood alcohol content exceeded the legal limits. 931 S.W.2d at 490. The driver subsequently objected on various grounds to the admission of the director's exhibits, including the breathalyzer print-out. *Id.* The director rested without reoffering the exhibits, so that the exhibits were not received into evidence. *Id.* On appeal, the driver raised foundational arguments regarding the exhibits to support the trial court's judgment. *Id.* at 491. However, the court of appeals reversed the trial court's ruling and reinstated the revocation of the driver's driving privileges. *Id.* at 492. In doing so, the court reasoned that although documentary evidence of the results of the driver's breath analysis test was not admitted, the director nevertheless established a prima facie case for revocation based on the officer's testimony. *Id.* at 491. Significantly, it stated that since the excluded evidence concerned foundational prerequisites for admission of the breathalyzer test results, it was unnecessary because the test result was admitted into evidence without objection. *Id.*

Driver in this case likewise objected to some of the evidence presented concerning the foundational prerequisites for the admission of breathalyzer test results. However, Driver's only objection was to Officer's testimony regarding whether the override function on a DataMaster instrument produced an accurate result. Driver did not object to the admission of the actual test results. Thus, even though Driver raised objections to Officer's testimony, the testimony was irrelevant because Director was not required to prove that the foundational elements were met. Based on the parties' stipulation that Officer had probable cause to arrest Driver and the admitted test results showing a blood alcohol content of .016%, Director established a prima facie case for revocation of Driver's driving privileges. Driver presented no rebuttal evidence. Accordingly, the trial court erred in reinstating Driver's driving privileges.

The judgment is reversed and the cause remanded for entry of judgment in favor of Director.

LAWRENCE E. MOONEY, P.J., and MARY K. HOFF, J., Concur.