# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1362

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Milton Bowers, also known as Timothy Jackson, also known as Tim Johnson, also known as John Thomason

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: November 16, 2016
Filed: March 2, 2017
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and KELLY, Circuit Judges.

_____

PER CURIAM.

Charles Milton Bowers appeals the district court's[1] denial of his motion to suppress evidence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

On May 28, 2014, Officer Mark Fitzgerald, a Columbia, Missouri, police officer, stopped a car driven by Bowers because it had a taillight that, when lit, emitted both white and red light. During a consensual search of the car, Officer Fitzgerald found small baggies containing cocaine base and marijuana. Bowers was subsequently indicted for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Bowers moved to suppress the drugs found in his car, challenging the lawfulness of the traffic stop. Bowers admitted his taillight showed some white light when lit but asserted that was not against Missouri law. At the suppression hearing, Officer Fitzgerald testified to his understanding that a taillight emitting any white light violated Missouri Revised Statute § 307.075(1), which requires that "[e]very motor vehicle . . . shall be equipped with at least two rear lamps, . . . which when lighted will exhibit a red light plainly visible from a distance of five hundred feet to the rear." Section 307.075(4) provides that whoever "knowingly operates a motor vehicle without the lamps required in this section in operable condition is guilty of an infraction."

The magistrate judge[2] recommended denying the motion to suppress, concluding that Officer Fitzgerald could have reasonably believed that having a taillight that emitted any white light violated § 307.075. After independently reviewing the record, the district court adopted the magistrate judge's recommendation and denied the motion to suppress. Bowers pleaded guilty pursuant to a conditional plea agreement that preserved his right to appeal the denial of his motion to suppress.

---

[2]The Honorable Matt J. Whitworth, United States Magistrate Judge for the Western District of Missouri.

On appeal, Bowers renews his argument that the traffic stop was not lawful. In reviewing the denial of a motion to suppress evidence, we review the district court's findings of fact for clear error and its ultimate conclusion de novo. United States v. Williams, 777 F.3d 1013, 1015 (8th Cir. 2015). "Any traffic violation, regardless of its perceived severity, provides an officer with probable cause to stop the driver, but the officer must have an objectively reasonable basis for believing that the driver has committed a violation." United States v. Walker, 840 F.3d 477, 483 (8th Cir. 2016).

Bowers argues § 307.075 does not prohibit the emission of *any* white light from a taillight lens. Rather, according to Bowers, all the statute requires is that a driver have two taillights in "operable condition" that exhibit a red light "plainly visible" from up to 500 feet away. So long as the white light does not overpower the red light, it does not violate § 307.075, and therefore Officer Fitzgerald's understanding of § 307.075 was not objectively reasonable. The government counters that the statute reasonably can be read to prohibit a range of defects, including a taillight like Bowers' where the red light is still visible. The government asserts that Officer Fitzgerald's understanding that a taillight that emits any white light violates the statute is just as reasonable as Bowers' suggestion that the statute only prohibits white light that overwhelms the red light.

The Supreme Court of Missouri has not addressed whether a taillight that emits some white along with red light violates § 307.075. Nonetheless, we need not decide this issue because reasonable suspicion can be based on an objectively reasonable mistake of law. See Heien v. North Carolina, 135 S.Ct. 530, 536 (2014); United States v. Gaffney, 789 F.3d 866, 868 (8th Cir. 2015). While we agree that Bowers' reading of § 307.075 is reasonable, we likewise conclude the government's reading of the statute is reasonable. And although no Missouri appellate court has ruled definitively on this issue, at least one case suggests that Officer Fitzgerald's understanding of § 307.075 was reasonable. See Kienzle v. Dir. of Revenue, 944

S.W.2d 326, 328 (Mo. Ct. App. 1997) (holding traffic stop justified in part because the defendant's "broken right taillight, with the 'white light' shining through [was] an apparent violation of § 307.075"). Therefore, we conclude that it was objectively reasonable for Officer Fitzgerald to think that a taillight emitting white light violated § 307.075 and the traffic stop was lawful.

The judgment is affirmed.

_____